[Sac. No. 64.   Department Two.—May 9, 1896.]

JOHN T. CLINE, RESPONDENT, *v.* H. A. ROBBINS, APPELLANT.

DEED.INTENDED AS MORTGAGE—ACTION TO REDEEM—PAROL PROOF—FIND-
ING—SUFFICIENCY OF EVIDENCE—DISCRETION.—In an action to have a
deed absolute in form declared a mortgage and to redeem the same,
after an accounting of rents and profits, the plain language of the deed
should not be varied by parol testimony, unless the evidence is strong
and satisfactory; but where the court and a jury to which special issues
were referred are satisfied with the proof, their finding will not be dis-
turbed, although it may seem to the appellate court questionable
whether the evidence is sufficient to support the finding, if it cannot be
said that the court and jury abused their discretion in finding the evi-
dence sufficient.

ID.—FORM OF DECREE.—In an action to redeem from a deed intended as a
mortgage it is not proper to enter a decree foreclosing the mortgage, but
the decree should limit a reasonable time within which plaintiff must
pay the balance found due, and direct that in default of such payment
within the time limited the action should be dismissed.

APPEAL from a judgment of the Superior Court of Nevada County.   JOHN CALDWELL, Judge.

The facts are stated in the opinion of the court.

*Thomas S. Ford,* for Appellant.

The court erroneously made a decree foreclosing the mortgage in this character of action, and appellant is entitled to judgment dismissing the action upon the pleadings, findings, and recitals.   (*Cowing* v. *Rogers,* 34 Cal. 654; *Perine* v. *Dunn,* 4 Johns. Ch. 141; *Winches-ter* v. *Paine,* 11 Ves. 199; *Shannon* v. *Speers,* 2 A. K. Marsh. 311; 2 Barb. Ch. 199; *Brinkerhoff* v. *Lansing,* 4

Johns. Ch. 75; 8 Am. Dec. 538; 2 Daniell's Chancery
Practice, 2d Am. ed., 1250; *Daubenspeck* v. *Platt*, 22 Cal.
330-35; 3 Pomeroy's Equity Jurisprudence, sec. 1219.)
To sustain such a cause of action it is necessary for
plaintiff to allege and prove that he is ready and willing
to redeem, and intends to pay the amount. (*Turner* v.
*Parry*, 27 Ind. 163; *Lynch* v. *Jennings*, 43 Ind. 276;
*Ruckle* v. *Barbour*, 48 Ind. 274; *Anson* v. *Anson*, 20 Iowa,
55; 89 Am. Dec. 514; *Nesbit* v. *Hanway*, 87 Ind. 400;
*Kissel* v. *Eaton*, 64 Ind. 248; *May* v. *Fletcher*, 40 Ind.
575; Code Civ. Proc., sec. 647; Jones on Mortgages,
1095; *Perry* v. *Carr*, 41 N. H. 371; Pomeroy's Equity
Jurisprudence, sec. 1196.) The court committed preju-
dicial error in admitting the hearsay testimony of plain-
tiff Cline. (Code Civ. Proc., sec. 1845; Greenleaf on Evi-
dence, c. 5; Gear's Digest, 334.) The evidence was wholly
insufficient to sustain the finding that the deed in
question was a mortgage. To justify such a finding on
parol evidence, the evidence should be clear, convinc-
ing, and satisfactory. (*Hopper* v. *Jones*, 29 Cal. 18; *Hen-
ley* v. *Hotaling*, 41 Cal. 27; *Coyle* v. *Davis*, 116 U. S. 112;
3 Pomeroy's Equity Jurisprudence, sec. 1196; *Fullerton*
v. *McCurdy*, 55 N. Y. 637.) The court erred in striking
out the evidence of witness Ballard, that he understood
that the deed was given to satisfy the mortgage. (*Page*
v. *Vilhac*, 42 Cal. 75.)

*J. M. Walling*, for Respondent.

At the date of the deed in this case, if intended as a
mortgage, neither title nor right of possession passed.
(*Raynor* v. *Drew*, 72 Cal. 307; *Smith* v. *Smith*, 80 Cal.
323; *Locke* v. *Moulton*, 96 Cal. 21; *Merced Bank* v. *Rosen-
thal*, 99 Cal. 39.) There are no findings in the record
which entitled the defendant to a judgment of dismissal.
Even if the judgment is erroneous in so far as it di-
rects a foreclosure and sale, still if the finding that the
deed was a mortgage and that plaintiff is entitled to re-
deem, the lower court may be directed to enter the
proper decree, and no new trial is necessary. There was

no prejudicial error in admitting the testimony of plaintiff Cline. The evidence was sufficient to sustain the finding that the deed was a mortgage. Provision for application of proceeds is proof of mortgage or existing debt. (*Hickox* v. *Lowe*, 10 Cal. 197; *People* v. *Irwin*, 14 Cal. 428; *Montgomery* v. *Spect*, 55 Cal. 352; *Cook* v. *Lion Fire Ins. Co.*, 67 Cal. 368.) The testimony of witness Ballard was properly stricken out, as the court did not refuse to allow him to testify to facts of which he had knowledge, but his conclusions. (Code Civ. Proc., sec. 1845; *People* v. *Moan*, 65 Cal. 532; *Fleming* v. *Albeck*, 67 Cal. 227; 1 Rice on Evidence, sec. 190.)

McFARLAND, J.—This is an appeal by defendant from a judgment in favor of plaintiff.

It is averred in the complaint that on November 5, 1890, plaintiff executed a certain deed of conveyance of certain property known as the Cline Water Works and appurtenances to the defendant: that while said deed upon its face conveyed the title of said property to defendant, yet it was intended by the parties to be a mortgage as security for the payment by plaintiff to defendant of the sum of seven hundred and eighty-five dollars, with interest at nine per cent per annum, and that it was understood between said parties that upon the payment of said sum of money and interest the indenture should become void, and defendant should reconvey the property to plaintiff. It is further averred that defendant wrongfully took possession of said property, and has received the income thereof, which should be applied to the payment of the said averred mortgage. It is further averred that said income, so received by defendant, is more than sufficient to satisfy the amount secured by said mortgage aforesaid, but that, if upon an accounting there should be found any balance due defendant from plaintiff, plaintiff offers to pay the same to defendant. It is prayed that the said deed be declared to be a mortgage; that an accounting be had between the parties; that if any balance be found due from either

party to the other judgment should be rendered therefor, and that plaintiff have such other and further relief, etc. In the answer it is denied that said deed was intended as a mortgage; and it is averred that it was intended as an absolute conveyance of the fee in satisfaction of the debt which plaintiff owed to defendant. It is further averred in the answer that the income of the property received by defendant does not equal the said sum of seven hundred and eighty-five dollars and interest, and that, if the court should decree the deed to be a mortgage, there would still be a large amount of money due defendant.

Certain issues were submitted to a jury, who found that the said deed was intended by the parties to be a mortgage; that the income received by defendant was not sufficient to liquidate the said sum of seven hundred and eighty-five dollars, with interest, and that there is a balance due defendant from plaintiff of five hundred and eighty-three dollars. The court adopted these findings of the jury, and also made other findings.

The most important question in the case is whether or not the evidence was sufficient to warrant the finding that the deed was intended as a mortgage. It is, indeed, questionable whether the evidence is sufficient to support that finding; for the plain language of a written instrument should not be varied by parol testimony, even under the established rule that a deed may be shown to be a mortgage, unless such evidence is quite strong and satisfactory. However, in looking over the whole testimony introduced, we are not prepared to say that the court and jury abused their discretion in finding that there was evidence sufficient to establish the fact that a mortgage was intended.

There were some exceptions taken to the ruling of the court upon the admissibility of evidence, but we see no error committed by the court in that regard of importance enough to warrant a reversal. It was, no doubt, error to allow the plaintiff, when on the witness-stand, to testify to receipts by defendant of income from

the property, where his testimony was based upon what he had been told by water-rent payers; but the difference between the amount to which he thus testified and that admitted and testified to by the defendant was very slight, and the court on this point seems to have followed the testimony of the defendant. There are no other errors committed in ruling upon the admissibility of evidence which we think it is necessary to notice.

But the judgment is in form erroneous. It decrees that the mortgage be foreclosed, that the mortgaged premises be sold, and that out of the proceeds of the sale the amount found due from plaintiff to defendant be satisfied. It is in the usual form of a decree of foreclosure. But this was not an action brought by a mortgagee to foreclose a mortgage; it is, in substance, an action brought by a mortgagor to be allowed to redeem. In such an action the plaintiff cannot compel the defendant to foreclose, and in such a case the judgment should be that, upon the payment of the amount due, within a reasonable time to be fixed by the court, the mortgage shall be decreed to be satisfied, and that, if within such time said money be not paid, the action should be dismissed. This was held to be the proper judgment in *Cowing* v. *Rogers*, 34 Cal. 648. In that case the court say: "The plaintiff's position, as we understand it, is that when the court found that the transaction amounted to a mortgage he was entitled to suspend all action, and that the defendant, if he wanted his money, must foreclose his mortgage; and he says that the court, having declared the deed a mortgage, all the incidents of a mortgage must follow. No precedent is cited of an action instituted for the sole purpose of having an absolute deed declared a mortgage, nor is that the character of this case. This is an action to redeem the mortgage." And the court further said: "In this case it was ordered that, if default be made in the payment of the redemption money, the plaintiff should be barred and foreclosed of all equity of redemption in the premises. The usual judgment, if such default be

made, is that the bill be dismissed, and this we think is the proper judgment." (Citing authorities.) And further: "This judgment that the bill be dismissed, as we understand the authorities, is not made at the time the deed is declared a mortgage and the grantor is permitted to redeem, but is made after a default in paying the redemption money, and upon the motion of the opposite party. It is said in 2 Barbour's Chancery Practice, 200, that the 'decree of dismissal may be moved for, of course, after the master's report has been confirmed, upon an affidavit that the time had expired and the money has not been paid.'" In the case at bar the complaint and the theory upon which the court formulated its judgment are somewhat uncertain and confusing; but we think that there is enough in the averments and prayer of the complaint to warrant a proper judgment, and that a new trial of the cause is unnecessary.

The cause is remanded, with directions to the court below to modify the judgment by striking out all that part thereof which forecloses the mortgage, and by decreeing that the plaintiff pay to the defendant the sum of five hundred and eighty-three dollars, with interest at the rate of seven per cent per annum from the twelfth day of June, 1895 (the date of the first judgment), within such reasonable time after the entry of the amended judgment as the court may designate; that, upon the payment of such sum within said time, the said mortgage be decreed to be satisfied and the defendant ordered to convey the said mortgaged premises to the plaintiff; and that if, within said time so to be designated, the whole of said amount of money and interest shall not have been paid, then, upon motion of defendant, this action be dismissed.

Henshaw, J., and Garoutte, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.