[No. 2090. Decided September 30, 1896.]

JOHN C. MALBON, *Respondent*, v. JAMES A. GROW *et al.*, *Defendants*, FIRST NATIONAL BANK OF COLFAX, *Appellant*.

MORTGAGES — RECORD — INDEX — SUFFICIENCY.

An index to a record of mortgages which contains the name of mortgagor and mortgagee and a description of the land to the extent that it gives, under three columns, headed respectively "Sec. Lot," "Twp. Block" and "R," the figures "35," "7," and "36" respectively, is sufficient to constitute constructive notice of an incumbrance upon sec. 35, twp. 7, range 36 in the county of the place of record, under the provisions of the law requiring records of deeds and mortgages to be properly indexed in order to constitute constructive notice.

Appeal from Superior Court, Walla Walla County.— Hon. WILLIAM H. UPTON, Judge. Affirmed.

*Eugene K. Hanna, Thomas H. Brents,* and *Wellington Clark,* for appellants:

Few statutes are similar to ours in making the index an essential part of the record, and consequently but few decisions throwing light upon the point in controversy have been rendered. These, however, hold that "the description of the property" is an essential part of the index; that the description must be "correct" and that the searcher may rely upon its being so and need not look beyond it. *Noyes v. Horr,* 13 Iowa, 570; *Scoles v. Wilsey,* 11 Iowa, 261; *Howe v. Thayer,* 49 Iowa, 154; *Breed v. Conley,* 14 Iowa, 269 (81 Am. Dec. 485); *Shove v. Larsen,* 22 Wis. 142; *Lombard v. Culbertson,* 59 Wis. 433. See, also, 1 Story, Eq. Jur., § 404; 2 Pomeroy, Eq. Jur., § 650.

*George T. Thompson,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.— Respondent Malbon brought this suit to foreclose a mortgage executed by Grow and wife to him in 1891, on real estate in Walla Walla county, making Rogers, Buff and wife and the First National Bank of Colfax, parties to the action by reason of their claiming some interest in the same. After the execution and filing of the mortgage from Grow to Malbon, appellant and defendant Rogers obtained mortgages to the same land and had the same placed of record in Walla Walla county.

It is admitted that the respondent's mortgage had been transcribed in the proper public record before the execution of appellant's mortgage but it is claimed by

appellant that the respondent's mortgage had not been indexed as required by law in order to constitute the record of its constructive notice to the appellant of its existence. The index, so far as the description of the land is concerned, was as follows:

| Description. | Sec. Lot. | Twp. Block. | R. |
|---|---|---|---|
| Land. | 35 | 7 | 36 |

Appellant and defendant Rogers answered, setting up the execution and recording of their mortgages, pleading the lack of constructive notice of respondent's mortgage by reason of the want of a proper index to the same and asking that their mortgages be declared a first lien on the land. The court found that the law had been complied with so far as the index was concerned and that the appellant and defendant Rogers were not innocent purchasers, and gave judgment of foreclosure decreeing respondent's mortgage to be a first lien upon the land.

It is admitted that the index contained the name of the mortgagor and mortgagee, and the contention of the appellant is that, under the rule announced by this court in *Ritchie v. Griffiths*, 1 Wash. 429 (25 Pac. 341), the mortgage of the appellant should have been decreed to have taken preference over respondent's mortgage and been declared a first lien. We do not think this contention can be sustained. It is true that in the case above referred to it was held that the deposit of a deed for record in the office of the county auditor does not operate as constructive notice to the public. In that case the deed had not been indexed at all, and the court was of the opinion that where one or two innocent persons must suffer a hardship,

the misfortune must rest on the person in whose business and under whose control it happened, and who had it in his power to avert it. Applying the same rule in this case, the misfortune, if any, should rest upon the appellant, for there was sufficient in the index to put it upon notice and to place it within its power to avert the misfortune by a more careful examination of the record.

It is true that this description is not technically correct. There is really nothing to indicate whether the figures "35" refer to section or lot, or whether the figure "7" refers to township or block; it might refer to either. But if one desired to purchase lot 35 in block 7, he would find the description of that lot and block in this index; or if he desired to purchase section 35 in township 7, he would also find the description in this index sufficient to cause a reasonable man to examine the record and ascertain whether the figures in the index referred to a lot or a section, a township or block.

In *Ritchie v. Griffiths, supra,* the court cited Jones on Mortgages, where that author says:

" Registry laws are intended to furnish the best and most easily accessible evidence of the title to real estate; to the end that those designing to purchase may be fully informed of instruments of prior date affecting the subject of their contemplated purchase, and also that having availed themselves of this means of knowledge they may rest there, and purchase in absolute security; provided they do so without knowledge, information, or such suggestion from other facts as would be gross negligence to ignore, of some antecedent conveyance or equitable claim."

Certainly we think that the index in this case furnished information, or at least a suggestion, of the fact of the record of the mortgage which the appellant

could not ignore without the grossest kind of negligence. If it should be construed to be township and section, then the index of the sale of the whole of section 35, in township 7, must be construed to give notice of the same or any portion of such section or township, under the rule that the greater includes the less.

In *Barney v. Little*, 15 Iowa, 527, which was cited approvingly by the court in *Ritchie v. Griffiths, supra,* the court said:

"While the index, which serves, so to speak, as a finger-board to direct the inquirer, must not mislead him by giving a totally wrong description of lands, yet it is not necessarily and essentially a prerequisite to a valid registration that the index should contain a description of the lands conveyed. It is sufficient if it points to the record with reasonable certainty. If the grantors' and grantees' names are given in the index with the book and page where the instrument is recorded, and if the instrument is there really recorded, we believe that this, so far as the object of the recording act is concerned, is a substantial, though it may not be in all respects, as to the index book, a literal compliance with the law."

The case at bar goes beyond this, so far as the requisites of the index are concerned, for here we have not only the names of the grantor and the grantee and the book in which the instrument is recorded, but we also have a description, though imperfect, of the land itself, sufficient to challenge the attention of the searcher of the record, and one who purchases after such challenge is not an innocent incumbrancer or purchaser without notice. For even though the constructive notice was not technically given, certainly the record furnished a sufficient notice in fact to place the subsequent purchaser upon his inquiry.

We are satisfied with the rule announced in *Ritchie v. Griffiths*, but we do not think it should be extended. The judgment will therefore be affirmed.

HOYT, C. J., and SCOTT and GORDON, JJ., concur.