# CLINE v. ROBBINS.

### Sac. No. 349; November 21, 1898.

#### · 55 Pac. 150.

**Deed as Mortgage.—A Judgment Declared an Instrument** in form a deed absolute to be a mortgage, and provided that it should be foreclosed, and that each party should pay his own costs and one-half of the jury fee. The jury fee had been paid by plaintiff, the mortgagor. The mortgagee appealed, whereupon the decree was modified by denying a foreclosure because not prayed for, and by directing that the decree fix a reasonable time within which the mortgagor should pay the balance due, and that, in default of such payment, the action should be dismissed. An "amended" judgment was then entered in the lower court, in accordance with the mandate, but it made no reference to costs or jury fees. Held, that the original judgment, in so far as it referred to the costs or jury fees, was not affected.

**Deed as Mortgage.—A Judgment Declaring a Deed to be a Mortgage,** and ordering a foreclosure of it, found the amount due the mortgagee, and directed that "the commissioner . . . . pay to plaintiff [the mortgagor] or his attorney, out of said proceeds [of the foreclosure sale], the sum of thirty-six dollars, jury fees, costs of this suit." Held, that the cost should be deducted from the amount due the mortgagee, and not from the proceeds of the sale.

**Deed as Mortgage.—A Judgment Declared a Deed à Mortgage,** and ordered defendant, the grantee, to reconvey on payment of a certain sum, and directed that, unless the payment was made within a certain time, the action should be dismissed. Held, that it was no ground for dismissing the action that prior to a tender the grantor conveyed the property in fraud of creditors.

APPEAL from Superior Court, Nevada County.

Action by J. T. Cline against H. A. Robbins. From an order made after final judgment denying defendant's motion to dismiss the action defendant appeals. Affirmed.

Thos. S. Ford for appellant; J. M. Walling for respondent.

HAYNES, C.—This appeal is from an order made after final judgment denying appellant's motion to dismiss the action. Cline brought an action to have it adjudged that a certain instrument, in form a deed absolute, was in fact a mortgage, and for an accounting between himself and defendant Robbins, who was in possession of the property, and

receiving its rents and profits, and offering to pay any balance that might be found due from him to the defendant. The defendant denied that said instrument was a mortgage, and alleged that it was a deed absolute. Upon the hearing, the court found that said instrument was a mortgage, and that there was due to the defendant $583; and, as conclusions of law, that the mortgage should be foreclosed, that each party pay his own costs, and that each party pay one-half of the jury fee. That fee amounted to $72, and had been paid by the plaintiff. Judgment was thereupon entered foreclosing said mortgage, and ordering a sale of the mortgaged premises. From this judgment, defendant Robbins appealed, making the points that the finding that said instrument was a mortgage was not justified by the evidence, and that the judgment foreclosing the mortgage was erroneous. This court sustained the finding that the instrument was a mortgage, but held that the action was to redeem from the mortgage, that a foreclosure was not sought by either party, and directing that the decree should fix a reasonable time within which the plaintiff must pay the balance found due, and that, in default of such payment within the time limited, the action should be dismissed, and ordering that the decree be modified accordingly: Cline v. Robbins, 112 Cal. 581, 586, 44 Pac. 1023. Upon the going down of the remittitur, what is styled an "amended judgment" was entered, in which it was recited that a former judgment had been entered foreclosing the mortgage, the appeal therefrom, and the judgment that the decree be modified, and then proceeded to decree "that the judgment heretofore entered be modified by striking out all that part thereof which forecloses the mortgage, and the same is hereby stricken out, and it is further adjudged and decreed that the plaintiff pay to the defendant the sum of $583, together with interest at seven per cent per annum from June 12, 1895, within forty days after the entry of this amended judgment; that, upon the payment of such sum, within said time, the mortgage be decreed to be satisfied by this court; and, upon payment thereof, the defendant is ordered to duly make, execute and deliver to the plaintiff a deed of conveyance of the said mortgaged premises, and, if within the said forty days the whole of said money and interest shall not have been paid, then, upon motion of the defendant, this action shall be dismissed." Within the time

12

above limited, plaintiff's attorney tendered to defendant's attorney $590.60 in full payment of the amount due, and this tender was refused, upon the ground that it was $38.65 (the amount of half the jury fee, with interest) less than the amount of said judgment and interest. Plaintiff thereupon deposited the sum tendered with the clerk of the court for the defendant in satisfaction of the judgment; and the defendant thereupon moved the court to dismiss plaintiff's action, upon the ground that he had failed to comply with said amended judgment. This motion was denied, and from the order refusing to dismiss the action this appeal is taken.

It is contended by appellant that the amended judgment makes no reference to costs or jury fees, but requires that the full sum of $583, with interest, be paid. The former judgment, however, was only affected by the order of this court in the particulars specified. It was not reversed, and a new judgment ordered, but was modified in certain specified particulars, none of which referred to the costs of the action in the court below. It is further said by appellant that the original judgment as entered provided for the payment of said half of the jury fee out of the proceeds of the sale of the premises under the mortgage, and not out of the $583 found due to the defendant; in other words, that defendant was to "receive his five hundred and eighty-three dollars, and interest over and above the thirty-six dollars jury fee due to plaintiff." The decree in that respect was awkwardly drawn, but the intention of the court is apparent from the expression as to "one-half the jury fee, now due plaintiff," and the further direction "that out of the proceeds of said sale the commissioner retain his fees, disbursements and commissions on said sale, and pay to the plaintiff or his attorney out of said proceeds the sum of thirty-six dollars, jury fees, costs of this suit." If it had been the intention of the court that plaintiff should not be repaid by defendant one-half of the jury fee of $72, paid by plaintiff, there was neither necessity nor propriety in saying anything about it in the decree, while the conclusions of law expressly directed that "each party pay one-half of the jury fee." The whole proceeding was an equitable one, and as the question of costs in the court below was not raised upon the former appeal, and as no order was made by this court upon that question, the court below properly found that this disbursement made by the

plaintiff in the course of the action should be deducted from the amount found due the defendant, and that plaintiff's property should not be forfeited because of his refusal to pay to defendant money to which he was not equitably entitled.

It is further urged as "a more potent reason why this action should be dismissed," viz., that prior to the tender the plaintiff conveyed the property in question to his son, and, on the same day upon which the conveyance was made, he was adjudged an insolvent debtor upon his own petition. These facts were brought to the attention of the court by affidavit upon the hearing of the motion to dismiss the action. They were entirely immaterial. If the plaintiff was entitled to redeem, and by his tender effected a redemption, the defendant had no interest in the property to be affected by the conveyance; and, if no redemption was effected, the conveyance could not deprive him of the property; or if, as contended, the conveyance was a fraud upon creditors, it could only be so if redemption was in fact made, so that it became plaintiff's property; and in that case the creditors' remedy is not debarred, but is promoted, by the refusal of the court to dismiss the action. My conclusion is that the order appealed from should be affirmed.

We concur: Chipman, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order appealed from is affirmed.