[No. 5005.    Decided March 6, 1905.]

JAMES F. SLOANE et al., *Appellants*, v. HENRIETTA M. LUCAS et al., *Respondents*.[1]

MORTGAGES — FORECLOSURE — PARTIES — HUSBAND AND WIFE— WIFE OF PURCHASER OF PREMISES. The foreclosure of a mortgage against community property transferred by the mortgagor, is void where the wife of the purchaser is not made a party defendant.

MORTGAGES—VOID FORECLOSURE SALE—MORTGAGEE IN POSSESSION. A purchaser or assignee in good faith under a void foreclosure sale becomes a mortgagee in possession.

MORTGAGES—INTEREST—INCREASED RATE AFTER MATURITY—BILLS AND NOTES. A stipulation in mortgage notes providing for an increased rate of interest after maturity, is valid.

SAME—INTEREST ON TAXES PAID. It is proper to allow twelve per cent interest upon taxes paid by the mortgagee where the mortgage provides therefor.

MORTGAGES—ACTION TO REDEEM—MORTGAGEE IN POSSESSION— VALUE OF IMPROVEMENTS—INTEREST UPON—RENTAL VALUE. In an

[1]Reported in 79 Pac. 949.

action for an accounting, brought by mortgagors, against mortgagees in possession under a void foreclosure, it is proper to allow the defendants for the value of their improvements, with interest thereon from the time they were made, where the plaintiffs are allowed the rental value of the premises at a rate increased by the improvements, and where the plaintiffs had knowledge that the improvements were being made in the full belief of the legality of the defendants' title, and made no claim to the land for more than three years thereafter.

SAME—FORM OF DECREE—INTERLOCUTORY ORDER FIXING TIME FOR REDEMPTION—EQUITY. In an action brought by mortgagors against mortgagees in possession under a void foreclosure, seeking to set aside the foreclosure decree and for an accounting for rents, it is proper to enter an interlocutory decree fixing 90 days within which the amount necessary to redeem from the mortgage debt shall be paid, and in default of such payment, dismissing the action and quieting the title of the defendants; since, either as an action to quiet title or to redeem, the plaintiffs must do equity before being entitled to relief against mortgagees in possession.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered September 28, 1903, upon findings of the court, after a trial on the merits without a jury, dismissing an action to quiet title and for an accounting. Affirmed.

*Hartson & Holloway*, for appellants.

*Crow & Williams*, for respondents.

HADLEY, J.—The prayer of the complaint in this action is for a decree declaring that certain mortgage foreclosure proceedings are void, quieting plaintiffs' title to the mortgaged premises, and awarding damages and rents for the retention and occupation of the land by the mortgagee and its successors in interest. The mortgage bore date March 1, 1890, and the principal note matured March 1, 1895. Default having been made in the payment of interest and taxes, the holder of the mortgage—being so authorized by the terms of the instrument—declared the whole debt due,

and in January, 1895, an action was commenced to fore-
close the mortgage. Subsequently to the execution of the
mortgage, and prior to the bringing of the foreclosure suit,
the mortgagors conveyed the mortgaged land to James F.
Sloane, who, by the terms of the conveyance, assumed the
payment of the mortgage. The said James F. Sloane was,
at the time, the husband of Ida H. Sloane, and the two
were husband and wife when the foreclosure suit was
brought. Ida H. Sloane was not made a party defendant
in the foreclosure suit. Decree of foreclosure was ren-
dered, and the land was sold thereunder to one Henry C.
Townsend, who was then the holder of the mortgage.

The said James F. Sloane and Ida H. Sloane had actual
knowledge of the foregoing facts, and, after said sale, they
yielded possession of the premises to said Townsend, and
occupied the land themselves as tenants of Townsend, pay-
ing him rent therefor. Thereafter Townsend conveyed the
property to Henrietta M. Lucas, and the Sloanes at once
recognized her as their landlord, and paid rent to her for
the use of the premises. Later Mrs. Lucas desired to oc-
cupy the premises herself, and the Sloanes voluntarily
moved out, and Mrs. Lucas entered into the occupancy of
the land about August 1, 1898. Nearly four years there-
after, in June, 1902, the Sloanes brought this suit against
Townsend and wife, Mrs. Lucas and husband, and the
Holland bank, a second mortgagee of the premises.

After a trial, the court held that Mrs. Lucas is now
mortgagee in possession, and that she is entitled to retain
possession until she shall have been fully paid the entire
amount of the mortgage debt and interest, together with
taxes paid, and interest upon the same, and also the value
of the improvements placed by her upon the property, with
interest thereon; the plaintiffs, however, to be credited with
the rental value of the property for the whole time since
possession was taken by the purchaser at the sale. It was

also held that plaintiffs were entitled to an interlocutory decree providing that, if within ninety days they should pay the amounts aforesaid, then they should be entitled to a final decree awarding to them the possession of the land, and quieting their title thereto, as against any claims by reason of said mortgage and foreclosure proceedings. It was, however, further held that, if such payment should not be made, according to the terms of such interlocutory decree, then the defendants should be entitled to a final decree dismissing the action, and adjudging Mrs. Lucas and her husband to be the owners of the land in fee simple, and quieting their title, as against the plaintiffs. Such an interlocutory decree was entered, and payment not having been made within said ninety days, or at all, a final decree was then entered dismissing the action, and adjudging that plaintiffs have no title, interest, lien, or equity in the land. The plaintiffs have appealed.

The said foreclosure sale was void within the rule declared by former decisions of this court, for failure to make party defendant the wife who was a member of the community holding the legal title to the land. It will therefore be seen, in the foregoing statement, that Mrs. Lucas is, in good faith, in possession as the successor in interest of a purchaser at a void foreclosure sale. Without discussing the additional facts and circumstances showing that possession was taken with the consent of appellants, it is sufficient to say that this court has held that possession, taken by virtue of a sale under void foreclosure proceedings, and held by the purchaser or his assignee, in good faith, constitutes such purchaser or assignee a mortgagee in possession. See *Investment Securities Co. v. Adams, ante,* p. 211, 79 Pac. 625. This question is extensively discussed in the briefs, but it is unnecessary that we shall again discuss it, since the case cited is decisive of the points raised here upon that subject.

It is assigned that the court erred in computing the amount of the interest due upon the principal note. The note provided for interest at six per cent per annum until maturity, and, if not paid on or before maturity, it was to draw twelve per cent per annum. The court computed interest at the rate of twelve per cent from the date the note matured. It is contended that this was contrary to the rule approved in *Krutz v. Robbins,* 12 Wash. 7, 40 Pac. 415, 50 Am. St. 871, 28 L. R. A. 676. As we understand that case, the interest allowed by the trial court, and approved here, was computed exactly as was done by the trial court in the case at bar. The appellant there contended that he was entitled to interest at the increased rate for the whole time, but it was held that the allowance of the increased rate for the time before maturity would be in the nature of a penalty, and should not, for that reason, be allowed. But it was not held that the parties could not contract for a given rate until maturity and for an increased lawful rate to be computed from the date of maturity.

It is also urged that it was error to allow twelve per cent interest upon the amount of taxes paid by the mortgagee and its successors in interest. The court found that the mortgage provided for interest at the rate of twelve per cent per annum upon taxes paid, to be computed from the time of their payment. No attack is made upon the findings. The evidence is not here. Based upon that finding, the court did not err.

It is next contended that the court erred in charging appellants with legal interest upon the value of improvements placed upon the property by respondents. That equity required the allowance of the value of the improvements, under the circumstances, cannot be doubted. The court found that appellants had knowledge that the improvements were being made by Mrs. Lucas and her hus-

band, under the full belief that they were the owners of the land in fee simple. No objection was made to the making of the improvements, and no claim was made, as against said respondents, until this suit was brought, more than three years after the improvements were completed.

"When the mortgagee makes permanent improvements, supposing he has acquired an absolute title by foreclosure, upon a subsequent redemption he is allowed the value of them, especially if the mortgagor has by his actions to any extent favored the mistaken belief." 2 Jones, Mortgages (6th ed.), § 1128.

Other authorities are cited by respondents upon this question, but we do not understand that appellants seriously contend against the allowance of the value of the improvements, but rather confine their objections to the allowance of interest upon this item. Having in view the circumstances above detailed, the court found the rental value of the property, from the time possession was first taken to the time the improvements were completed, and also found an increased rental value after the completion of the improvements. Respondents were then charged, and the appellants were credited, with the amount of such increased rental value. Inasmuch as appellants were given the benefit of the increased rental, by reason of the improvements, it would seem that equity would require that they should pay interest upon the actual value advanced by another, and which had made it possible for the property to yield the increased rental for appellants' benefit. Such was the rule followed in *Thomas v. Evans*, 105 N. Y. 601, 12 N. E. 571, 59 Am. Rep. 519. We think the rule equitable and just, under the circumstances of this case, and the action of the trial court in this particular is approved.

The next contention is that the court erred in entering the interlocutory decree allowing but ninety days within

which to pay the money and redeem from the mortgage. It is insisted that the decree should have provided for sale, and for one year within which to redeem, as from an ordinary foreclosure sale. It will be remembered that respondents did not bring this action, but it was instituted by appellants. If it be treated either as an action in ejectment, or to quiet title against respondents, who were mortgagees in possession, then appellants are not entitled to relief without first offering to do equity by paying the amount due upon the mortgage, and also for taxes and improvements, less the rental value of the property. If it be treated as an action to redeem, then they must pay the amount necessary to redeem, or submit to a dismissal of the action. They cannot bring an action to compel respondents to foreclose the mortgage, since, by reason of the former defective foreclosure proceedings, respondents are mortgagees in possession. In an action to redeem from a mortgage, the judgment ordinarily provides that the plaintiff may redeem upon paying the amount due within a specified time; that, when payment is made within the time, the defendant shall discharge the mortgage and deliver up the mortgaged premises, and that, upon default in such payment, the complaint shall be dismissed. 2 Jones, Mortgages (6th ed.), § 1106. Such a decree was approved in *Martin v. Ratcliff,* 101 Mo. 254, 13 S. W. 1051, 20 Am. St. 605. The court there stated that, under the statutes of Missouri, a sale is contemplated in all foreclosures, as is true in this state; but it was observed that "there is a wide distinction between a suit of foreclosure and one brought to redeem from a voidable foreclosure sale." See, also, *Decker v. Patton,* 120 Ill. 464, 11 N. E. 897; *Cline v. Robbins,* 112 Cal. 581, 44 Pac. 1023; *Cowing v. Rogers,* 34 Cal. 648. In *Cline v. Robbins, supra,* the court observed as follows:

"But the judgment is in form erroneous. It decrees that the mortgage be foreclosed, that the mortgaged premises be sold, and that out of the proceeds of the sale the amount found due from plaintiff to defendant be satisfied. It is in the usual form of a decree of foreclosure. But this was not an action brought by a mortgagee to foreclose a mortgage; it is, in substance, an action brought by a mortgagor to be allowed to redeem. In such an action the plaintiff cannot compel the defendant to foreclose, and in such a case the judgment should be that, upon the payment of the amount due, within a reasonable time to be fixed by the court, the mortgage shall be decreed to be satisfied, and that if, within such time, said money be not paid, the action should be dismissed."

Under the authorities cited, the court did not err in entering the interlocutory decree, and, inasmuch as there was no compliance with its terms, it was not error to enter the final decree dismissing the action.

The judgment is affirmed.

MOUNT, C. J., FULLERTON, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.