[No. 5745. Decided January 30, 1906.]

SARAH O. SAWYER, *Respondent,* v. VERMONT LOAN AND TRUST COMPANY, *Appellant.*[1]

APPEAL—ASSIGNMENT OF ERRORS—BRIEFS—STRIKING. A brief assigning fifty-nine errors, in which only three questions of law are discussed at length, will not be struck out for failure to discuss each error or to confine the discussion to the errors assigned, where the respondent has retaliated to the argument with a brief of 160 pages.

ATTORNEY AND CLIENT—AUTHORITY—WHO MAY QUESTION—RATIFICATION. A third person has no right to question the authority of an attorney for the purpose of collection, who takes a deed in settlement of the claim and records the same without notice to the client, especially where the client ratified such action.

RECORDS—DEED FILED BUT NOT INDEXED—PRIORITY. Where a quitclaim deed by a mortgagor was filed for record in the auditor's office several days before the filing of a *lis pendens* in an action to foreclose the mortgage, the finding of the trial court that the quitclaim deed has priority over the *lis pendens* will not be disturbed on appeal, although there was some evidence that the index required by the statute to be kept by the county auditor did not show the quitclaim deed at the time of the filing of the *lis pendens* (DUNBAR, J., dissenting).

SAME—DELAY IN RECORDING DEED—EFFECT. The neglect of the county auditor to record an instrument for more than twenty days after it has been filed for record cannot militate against the party filing the instrument, if it was properly indexed.

HUSBAND AND WIFE—PARTIES—PARTITION—ACTION AS TO WIFE'S REAL ESTATE—NONRESIDENTS—WHAT LAW GOVERNS. Under the laws of the state of New Hampshire, a wife domiciled in that state, and owning an interest in real property in this state, may maintain an action in this state for a partition without joining her husband as party plaintiff.

DESCENT AND DISTRIBUTION—COMMUNITY PROPERTY—INTEREST OF WIFE. Upon the death of the husband leaving issue the wife becomes entitled to a three-fourths interest in the community real estate.

MORTGAGES — FORECLOSURE — PARTIES — HEIRS OF DECEASED MORTGAGOR. After the death of a mortgagor, the heirs are necessary parties defendant to an action for the foreclosure of the mortgage.

MORTGAGES — RIGHTS OF MORTGAGEE IN POSSESSION UNDER VOID SALE—TENDER OF MORTGAGE DEBT—PARTITION. A mortgagee in pos-

[1]Reported in 84 Pac. 8.

session in good faith under a void foreclosure sale, cannot be subjected to an action for a partition brought by heirs of the mortgagor, unless they tender their proportion of the amount due upon the mortgage; and a decree in partition in such a case will be modified by requiring such payment within sixty days, upon pain of a dismissal of the action.

Appeal from a judgment of the superior court for Spokane county, Linn, J., entered January 16, 1905, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury in an action for partition and an accounting.   Modified.

*A. E. Gallagher* and *W. J. Thayer,* for appellant.
*James Dawson* and *F. E. Langford,* for respondent.

Root, J.—This action was commenced for the partition of certain real estate and for an accounting as to the rents and profits thereof.   Respondent alleges, that she owns an undivided three-fourths, and the appellant an undivided one-fourth, of said property; that appellant ousted respondent from the possession thereof, and appropriated the entire rents and profits to its own use, and has not accounted therefor to respondent.   Appellant denies respondent's title, and alleges, as affirmative defenses, foreclosure proceedings, adverse possession, seven years' payment of taxes, and no joinder of respondent's husband.

The facts were about these:   In 1890 one Hattie G. Tilton and her husband, F. A. Tilton, executed to appellant a mortgage upon this property.   In 1892 said F. A. Tilton died intestate, leaving his wife, said Hattie G. Tilton, and four children surviving him.   On April 15, 1895, there was filed for record in the office of the county auditor a quitclaim deed of all of the interests of said Hattie G. Tilton to this respondent, who is her mother, and to whom it is claimed there was an indebtedness owing at that time which was settled by the execution and delivery of said deed.   This deed was delivered to one Danson, who was an attorney for respondent,

having in charge the collection of the indebtedness of respondent against said Hattie G. Tilton. Said Danson placed said deed of record without first having notified respondent, who resided in one of the New England states.

On the 18th day of April, 1895, appellant commenced an action to foreclose said mortgage, and made said Hattie G. Tilton, both in her individual capacity and as administratrix of the estate of her late husband, together with all of the children, defendants, and the usual proceedings were had, culminating in a judgment and decree, and a sale of the property and confirmation thereof. The property was bought in at said sale by appellant, who has ever since been in possession thereof. On the said 18th day of April, 1895, appellant filed in the office of said county auditor a notice of *lis pendens* in the usual form. The quitclaim deed filed as aforesaid on the 15th day of April was not, as a matter of fact, recorded until May 14, 1895.

Appellant contends, (1) that the deed was taken and filed without authority; (2) that the deed was not indexed when the *lis pendens* was filed, and was not notice to the appellant until after it was indexed; (3) that the filing of the deed, without authority of respondent and without her knowledge and consent and before she accepted it, could not be notice to the appellant; (4) that even if it was notice, such notice was good only for twenty days, and expired before May 14, 1895, when it was recorded, and that it then lost its priority over the *lis pendens;* (5) that respondent never accepted a deed; (6) that Eli D. Sawyer, husband of respondent, was and is a necessary party to this proceeding; (7) that, at most, the respondent acquired only a one-half instead of a three-fourths interest in the property.

Appellant in its brief assigns fifty-nine errors, but says: "There are only three questions in this case, . . . the other assignments being made because they depend upon errors to be considered under the three questions . . . First: Did the plaintiff, or the community composed of the

plaintiff and her husband, acquire any interest in the property in question by the deed from Hattie G. Tilton to plaintiff, of date April 15, 1895, as against appellant's foreclosure? Second: If any interest was acquired in the property in question, was that a community interest or the separate property of the respondent? . . . Third: If an interest was acquired and it was separate property of the respondent, was that a' half interest or a three-fourths interest in the property in question?"

Respondent moves to strike appellant's brief, for the following reasons:

"(1) Appellant has wholly failed and refused to discuss any one of the many alleged errors assigned in its brief; and the same are thereby waived, and there is nothing before the court to decide. (2) Appellant has confined the discussion in its brief to matters not assigned as errors in its said brief. (3) It nowhere appears, by said brief, that any of the questions that are discussed in its said brief were ever called to the attention of the court below or passed upon by the court."

Appellant has an opening brief of one hundred and forty-five pages. Respondent retaliated with a brief of one hundred and sixty pages, to which appellant made retort with a brief of fifty-two pages. While there is some merit in the motion, yet on the whole, we do not think it well to strike the briefs. The motion will be denied.

We will endeavor to notice the appellant's contentions *seriatum*. We think the attorney Danson had authority to accept this deed in payment of the indebtedness from Mrs. Tilton to respondent, and we cannot see how appellant can be regarded as being in a position to question Danson's authority in the premises. It is evident that his authority was ratified by his client; and even if there had been no express authority, we think the ratification would be binding as against appellant.

The question of priority as between the quitclaim deed and the *lis pendens* presents some difficulty. It is conceded that the quitclaim deed was filed for record in the auditor's office

several days before the *lis pendens* was filed, and before the foreclosure action was commenced. The quitclaim would therefore be presumed to have priority. But there was some evidence that the index required by the statute to be kept by the county auditor did not show the quitclaim deed at the time of the filing of the *lis pendens*. In the light of all the evidence, we do not feel justified in making a finding on this· question which would overturn the trial court's judgment.

The question of authority of Danson to receive the quitclaim deed could not have a bearing upon the question of priority of filing under the circumstances revealed in this case.

We cannot agree with the appellant's contention that the notice by the filing of said quitclaim deed would be good for only twenty days, unless said deed was actually recorded. When a person has filed in the county auditor's office for record an instrument authorized to be recorded, we do not think the delay or neglect of the county auditor in actually recording said instrument can militate against the party who duly filed said instrument for record, if it was promptly and properly indexed in the book required by law to be kept for that purpose. *Malbon v. Grow,* 15 Wash. 301, 46 Pac. 330. We think it clearly appears that respondent did accept the quitclaim deed.

We do not think that respondent's husband was a necessary party to this suit. The statutes of New Hampshire (the home state of respondent and her husband) which are pleaded, together with the evidence in the case sufficiently show authority in respondent to maintain the action in her sole name and right.

The evidence showed that one-half of the property at the time the mortgage was given was the separate individual property of Mrs. Tilton. When her husband died the community existing between herself and him was dissolved and she then became the owner of an undivided one-half interest in and to the other half of the property which they had owned together as community property. The statute (Bal. Code,

§ 4640) provides that, upon the death of an owner of real estate, the same immediately descends to his heirs. Hence, when Mrs. Tilton made the quitclaim deed to respondent, she thereby conveyed all of her interst in and to said property, which was a three-fourths interest, subject to the mortgage. This court has held that, in a foreclosure proceeding against real estate, where the mortgagor has, since the execution of the mortgage, died, it is necessary to make his heirs at law parties defendant. *Anrud v. Scandinavian-American Bank,* 27 Wash. 16, 67 Pac. 364. Mrs. Tilton having deeded all of her interests to the respondent, and the latter not having been made a party defendant in the foreclosure proceedings, it follows that her rights in and to the property were in no wise affected by such court proceedings.

But under the facts admitted and established in this case, we do not believe respondent was entitled to the relief given by the honorable superior court. It is evident that appellant was unaware of the deed from Mrs. Tilton to respondent, at the time of the entry of judgment, and decree, and until long after the sale and shortly before the commencement of this action. Respondent has never paid any portion of the indebtedness which was secured in part by the property which was conveyed to her by her daughter. It has been held by this court that, when a mortgagee takes possession in good faith after sale, as purchaser, under a void foreclosure proceeding, he becomes, in effect, a mortgagee in possession, against whom the statutes of limitation do not run, and that he may be given equitable relief. *Sloane v. Lucas,* 37 Wash. 348, 79 Pac. 949; *Investment Securities Co. v. Adams,* 37 Wash. 211, 79 Pac. 625. We do not think respondent established facts sufficient to entitle her to a partition unconditionally.

The case will be remanded to the superior court with the following instructions: Respondent may, within sixty days from the filing of the remittitur in the clerk's office of the

trial court, pay to appellant, or into the registry of the court for its use, three-fourths of the amount justly due and owing on account of the indebtedness secured by said mortgage, to be ascertained as follows: Three-fourths of the amount of principal and interest (not including costs or attorney's fees) due at the time of the entry of the judgment and decree in the foreclosure suit, together with interest at twelve per cent per annum as provided in the note, mortgage and judgment, on said sum to date when payment shall be made, less the amount by which the three-fourths of the rents and profits exceed three-fourths of the taxes, repairs, and improvements made upon said property by appellant with legal interest on all thereof; said sum to be determined from the findings in this case, and by evidence covering the time elapsing from the date the judgment was entered in the superior court in this case up to the time when final judgment shall have been entered or payment made. Upon making such payment, respondent may amend her complaint and have a judgment and decree awarding to her a three-fourth's interest in and to said property to be partitioned by the trial court. If such payment be not made within the sixty days prescribed, a judgment of dismissal shall be entered against respondent. Neither party shall recover costs on this appeal.

Mount, C. J., Hadley, and Rudkin, JJ., concur.

Dunbar, J. (dissenting)—It appearing to my satisfaction that respondent's deed was not indexed at the time the *lis pendens* was filed, under the authority of *Ritchie v. Griffiths,* 1 Wash. 429, 25 Pac. 341, 22 Am. St. 155, 12 L. R. A. 384, the respondent is too late to urge her claim. The judgment should therefore be reversed.

Crow, J., having been of counsel, took no part.