[No. 6021. Decided March 27, 1906.]

EDNA GRAVELLE *et al., Appellants,* v. THE CANADIAN AND
AMERICAN MORTGAGE & TRUST COMPANY,
LIMITED, *Respondent.*[1]

PROCESS—DESCRIPTION OF PARTY—CHRISTIAN NAME. Service of a summons and complaint upon a minor heir, described as an infant daughter without specifying her Christian name, is valid when it appears from the record that she was the only daughter to whom the summons could refer and the service was properly made upon her.

MORTGAGES — FORECLOSURE — INFANTS — FAILURE OF GUARDIAN AD LITEM TO ANSWER. A decree of foreclosure of a mortgage is not void as to a minor heir because of the failure of her guardian *ad litem* to file an answer, where he appeared by filing his acceptance of the appointment, proofs were taken, and sufficient facts appear to warrant the decree, in the absence of an affirmative defense.

1Reported in 85 Pac. 36.

MORTGAGES—VOID FORECLOSURE—MORTGAGEE IN POSSESSION—RE-
DEMPTION—DECREE—INFANTS. In an action to recover possession of
premises from the successor in interest of a mortgagee in possession
under a void foreclosure sale, in which the defendants set up the
mortgage and asked its foreclosure, it is proper to decree the pay-
ment of the sum due less rents and profits, with a right in the plain-
tiff to redeem within ninety days; and the fact that the plaintiff
is a minor is not in itself a sufficient reason for allowing a further
time for redemption.

SAME—ATTORNEY'S FEES ON FORECLOSURE UNDER CROSS-COMPLAINT.
In such an action, it is proper to allow the defendants a reasonable
sum as attorney's fees, where the mortgage provided therefor, and
the plaintiff did not recognize the mortgage but sought possession
and partition, claiming as owner of an interest in the property.

Appeal from a judgment of the superior court for Lin-
coln county, Kennan, J., entered September 1, 1905, upon
findings in favor of the defendant, decreeing the foreclosure
of a mortgage upon its cross-complaint, in an action to recover
the possession of mortgaged premises. Affirmed.

H. A. P. Myers, for appellants.

L. Davies and Tolman & Kimball, for respondent.

MOUNT, C. J.—The appellants are minors. They brought
this action, claiming to be the owners each of an undivided
one-third interest in the northwest quarter of section 34,
township 25, N., R. 38, E., W. M., in Lincoln county, this
state. The prayer of the complaint was for the possession
of the property, for a partition thereof, and for an account-
ing for rents. There is no dispute in the facts, which are as
follows: Joseph Gravelle, the father of the plaintiffs, owned
the land in question during his lifetime. The land was his
separate property. On March 7, 1890, while he was unmar-
ried, he executed a mortgage on the land for $1,500. On
May 23, 1894, the said Joseph Gravelle died intestate, leav-
ing a wife and an infant daughter. In December, 1894, a
son was born to the widow. These two children are the ap-
pellants herein. In 1895, the Canadian and American Mort-
gage & Trust Company, being the owner and holder of the

mortgage above referred to, brought an action to foreclose the said mortgage against the administrator of the estate, the widow and "——— Gravelle," alleging that the widow and minor daughter were the only heirs at law of Joseph Gravelle, deceased. Thereafter the guardian *ad litem* for ——— Gravelle was appointed by the court, and service of the summons and complaint was duly made upon the defendants in that action. The guardian *ad litem* accepted the appointment by filing a written statement to that effect, but made no other appearance in the action. None of the defendants appeared in the action, and the trial court found that the defendants had been duly and legally served with personal service and made default, and heard evidence of the facts alleged in the complaint, and a decree of foreclosure was thereupon entered. Subsequently the mortgaged property was sold and bid in by the plaintiffs in that action, and the sale was afterwards confirmed. The mortgage company went into possession of the premises, and thereafter sold the same to defendant in this action, Casper Helstab. Upon these facts the trial court found that Edna Gravelle was a party to the foreclosure action, and concluded thereby; but that the minor Joseph Gravelle was not a party thereto. The court also found, that, as to the minor Joseph's one-third interest, the defendants were mortgagees in possession; that there was still due on that interest the sum of $1,328.01, after deducting the rents and profits, and that said minor could redeem his interest by paying that sum within ninety days. In making up the amount due, the court allowed an attorney's fee of $83.33, for the foreclosure of the mortgage as against the minor. A decree was entered according to these findings, and the minors by their guardian prosecute this appeal.

Appellants contend that the finding that Edna Garvelle was served in the foreclosure suit, and that the decree was valid as to her, was error, (1) because she was served as

"———— Gravelle," and (2) because her guardian *ad litem* made no defense to the action. It is true the summons and complaint in the original foreclosure action referred to the infant daughter as "———— Gravelle." Her Christian name was not stated. Counsel says we are, therefore, left in the dark as to which of the minors was served or intended to be served. It appears, however, in the record of the foreclosure proceedings, that there was but one minor heir, a daughter, ———— Gravelle. She appears to have been regularly served, and there is no contention that she was not served, or even that there was another daughter. On the other hand, the record in this case discloses that there was but one daughter. The service is the important fact, and when it is shown that the proper person was served, that person cannot afterwards say that her Christian name was not stated, and thereby avoid the service. The court was, therefore, justified in finding that Edna Gravelle was served in the original action.

It is also true that the guardian *ad litem* filed no answer for his ward, but he appeared in the action by filing his acceptance of the appointment. The court appears to have had jurisdiction both of the person of the infant and of the property, and the infant appears to have been represented. Proof of the allegations of the complaint appears to have been made, and findings and a decree were subsequently entered. It was, no doubt, the duty of the guardian *ad litem* to have filed an answer denying generally the allegations of the complaint. But, if he had done so in this case, there were sufficient facts admitted to show that the mortgage company was entitled to a decree, in the absence of an affirmative defense. Under these circumstances the decree is not void, and in the absence of fraud or collusion the decree is binding upon the ward. *Morrison v. Morrison*, 25 Wash. 466, 65 Pac. 779. No contention is made that there was any defense to the foreclosure action, or that the ward's interests were not as fully

protected as though the answer had been filed by the guardian *ad litem*. The decree of foreclosure is therefore valid as to her.

Counsel for appellants further contends that, as to the appellant Joseph Gravelle, the court erred in allowing an attorney's fee in foreclosure, in calculating the amount due, and in limiting the time for redemption to ninety days. It is conceded that the minor Joseph Gravelle was not made a party to the original foreclosure proceeding. That proceeding was therefore not effective as to him. The respondent, in answer to the complaint, set up the mortgage and the proceedings had thereunder, and alleged that it was a mortgagee in possession, and prayed for a foreclosure against the said minor. This proceeding was proper under the rule announced in the cases of *Investment Securities Co. v. Adams,* 37 Wash. 211, 79 Pac. 625; *Sloane v. Lucas,* 37 Wash. 348, 79 Pac. 949; and *Sawyer v. Vermont Loan etc. Co.,* 41 Wash. 524, 84 Pac. 8.

The mortgage provided for a reasonable attorney's fee in case of foreclosure. The plaintiffs did not recognize the mortgage in their complaint, and seek to redeem their portion of the land covered by it; but brought the action for possession and for partition, alleging that they were the owners of two-thirds thereof, without reference to the mortgage. The respondents were required, therefore, to set up the mortgage, and asked for its foreclosure as a defense to this action. Under these circumstances, we think they were entitled to a reasonable allowance for attorney's fees as provided in the mortgage, which was made in this case. As we understand from the briefs, there is no claim that the court adopted an erroneous method of computing the amount due from appellant Joseph Gravelle's interest in the land, but it is insisted that an erroneous result was reached. We are satisfied that the result reached by the trial court is sufficiently accurate for all practical purposes, and that there are no ma-

terial inaccuracies sufficient to warrant the modification. Appellant concedes that in *Sloane v. Lucas, supra,* this court permitted a decree allowing ninety days within which to pay the mortgage debt in a case of this kind, but contends that a different rule should be applied in this case because the appellant is a minor. No other reason is offered. We think the mere fact that the appellant is a minor is not sufficient reason in itself for a different rule.

There appears to be no error in the record. The judgment is therefore affirmed, with leave to redeem the interest of the minor Joseph Gravelle within ninety days from the date of the filing of the remittitur.

DUNBAR, ROOT, CROW, and HADLEY, JJ., concur.