OMAHA & FLORENCE LAND & TRUST CO. V. OLOF HANSEN.

[FILED JULY 1, 1891.]

1. **Instructions**: MARGINAL NOTE OMITTED. Where the court fails to write the word "given" on the margin of each instruction as required by the statute, exception must be specially taken on that ground, as the objection does not go to the substance of the instruction.

2. **Adverse Possession**: MOTIVE NOT ESSENTIAL. Under our statute of limitations, if a party establish in himself or in connection with those under whom he claims an actual, notorious, continuous, and exclusive possession of land as owner for a period of ten years, he thereby acquires a title to the land, and this irrespective of any question of motive or mistake.

3. ———: CONTINUITY NOT BROKEN BY TAKING TAX DEED. A person who is in the adverse possession of land does not break the continuity of possession by purchasing the land at tax sale and receiving a tax deed therefor. In such case, where there is no actual break in the possession, the adverse occupant may rely upon his adverse occupation and also his claim or tax lien. In other words, he may combine all the rights possessed by him in defense of his possession.

4. **Instructions** given on behalf of defendant, *held*, applicable to the testimony.

ERROR to the district court for Douglas county. Tried below before DOANE, J.

*Congdon & Hunt*, for plaintiff in error:

The adverse nature of the possession as well as the fact thereof must be shown by a clear and positive proof. (*Colvin v. R. V. Land Ass'n*, 23 Neb., 80.) Possession by one other than the owner is always presumed to be permissive and not adverse. (Angell, Lim., sec. 384.) The occupant must hold the property exclusively and adversely to the true owner and to the world. (*Walsh v. Hill*, 41 Cal., 571; *Putnam Free Sch. v. Fisher*, 34 Me., 172.) Continuity

31

is broken by the assertion of a different claim by the occupant than that under which he formerly held. (*Pepper v. O'Dowd*, 39 Wis., 548; Wood, Lim., sec. 270; *Barnes v. Vickers*, 59 Tenn., 370; *Crispen v. Hannavan*, 50 Mo., 549.)

*Lake & Hamilton, contra:*

Possession for more than ten years, although without color of title, conveyed to defendant the fee. (*Gatling v. Lane*, 17 Neb., 83; *Haywood v. Thomas*, Id., 240.) The plaintiff must recover, if at all, on the strength of his own title. (*Franklin v. Kelley*, 2 Neb., 112; *Butler v. Davis*, 5 Id., 525; *O'Brien v. Gaslin*, 24 Id., 562.) As to how the intention to claim ownership, of which defendant testifies, must be manifested to the world to make his possession adverse: *Horbach v. Miller*, 4 Neb., 47; 1 Am. & Eng. Ency. Law, 264, n. 1. As to the tax deed: *Griffith v. Smith*, 27 Neb., 47.

MAXWELL, J.

This is an action of ejectment brought by the plaintiff against the defendant to recover the possession of "Lots 2 and 4, block 77; lot 2, block 79; lots 5 and 7, block 82; lot 6, block 86; lot 8, block 87; lot 5, block 236; lots 1, 3, and 8, block 251; lots 1, 5, 6, 7, and 8, block 252, in the city of Florence, Douglas county.

The defendant, in his amended answer, pleads first a general denial, and second, that the cause of action did not accrue within ten years before the bringing of the action.

During the trial the plaintiff dismissed the action without prejudice as to lots 6 and 8 in block 231; lot 5 in block 234; lot 8 in block 238; lot 4 in block 81, and lot 7 in block 78.

The jury found in favor of the plaintiff for lots 5 and 7, block 82; lot 6 in block 86; lot 8 in block 87, and for the defendant for the remainder of the property.

The principal error relied upon in this court is in the giving of certain instructions as to the defendant, as follows:

"First—The jury are instructed that under the issues in this case the burden of proof rests upon the plaintiff, and before it can recover any of the lots in controversy from the defendant, the plaintiff must show, to the satisfaction of the jury, and by a preponderance of evidence, a right to them, superior and better than that of the defendant. Unless the plaintiff has succeeded in doing this, the jury should return a verdict in favor of the defendant.

"Second—In his answer to the plaintiff's petition, the defendant Hansen has interposed as a defense the statute of limitations, by which he asserts, in effect, that the lots in controversy have been under his control and occupancy for the full period of ten years next before this suit for the possession was commenced. And if the jury shall find from the evidence that as to the lots in controversy, or any of them, Hansen had been in the undisturbed, actual, open, and exclusive occupation and control, either personally or by his servants, agents, or lessees, for ten years next before the commencement of this action (which was January 22, 1887), and under a claim of ownership, then in that case the defendant is entitled to a verdict in his favor, as to all of the lots so occupied and controlled by him.

"Third—No particular act or series of acts were necessary to be done on the land by Hansen, in order to make his possession actual and available to him in this case as a defense. Any visible or notorious acts which the jury may find from the evidence, clearly show an intention on his part to claim ownership, and possession will be sufficient to establish his claim of adverse possession. And such acts are equally available to him, whether they were done either personally or by his lessees or other privities or agents.

"Fourth—Adverse possession may be evidenced by such

use of the lots in question by Hansen or his privities as would indicate to a passer-by, and to the owner if he went to them, that they were used and claimed by some one.

"Fifth—The jury are instructed that it is not necessary that one who takes possession of lands or lots and holds the same adversely to the owner, should have a deed or other written evidence of title, in order to cause the statute of limitations to run in his favor; but it is sufficient if he take actual, open possession, under a claim of ownership, and continue it for the full period of ten years. If he do so, his title and ownership are complete.

"Sixth—If, as to any of the lots in controversy, the jury shall find that Hansen took actual possession, and either in person, or by another person or persons as his agents or lessees, held such possession for a time and then sold his right to another, who continued in actual possession and from whom he has since purchased it back, Hansen may avail himself of their several occupancies in this action, provided that, taken together, they continued uninterruptedly for ten years.

"Seventh—If the jury find that Hansen, by himself or his employes, lessees, or privities, has had exclusive control and actual occupancy of said lots, or any of them, under a claim of ownership, for the full period of ten years next before the commencement of this suit, the fact that he may have occupied or had inclosed with them other grounds, or even portions of the public streets, would not of itself be sufficient to prevent a recovery by the defendant as to such lots, provided the defendant exercised such acts of ownership and control over such lots as to indicate clearly his intention to claim the same as if his fence had inclosed only said lots, and as to lots so occupied and controlled, the jury should find in favor of the defendant."

The first objection made by the plaintiff in error is, that the court failed to write on the margin of each of said instructions the word "Given," as required by sec. 54, chap.

19, Compiled Statutes. This objection, however, does not go to the merits of the instructions themselves, but merely to observe the statutory form. An exception must be taken, therefore, specially on the ground of the omission by the court to write the word "Given," as required. This was not done in this case so as to be available on error. While it is the duty of the court to observe the law, yet, where it is apparent that no injury has resulted to the adverse party from a failure to comply with the statute, a case in which this was the only error would not be reversed for that cause alone. In other words, the omission must be prejudicial to the party complaining to justify the reversal of the judgment.

The testimony tends to show that all the lots, except three, which are in controversy in this case, were purchased by the defendant at tax sale in February, 1875, and the three additional lots were purchased in the fall of 1876; that the defendant immediately took actual possession of said lots, claiming to be the owner thereof, and paid all taxes, including those which were delinquent, which on some of the lots extended back to the year 1860, and has continued in the open, actual, exclusive, uninterrupted possession to the commencement of this action, paying the taxes on the lots. The action was brought in January, 1887, so that more than ten years had passed after plaintiff entered into possession of the lots, before the bringing of the action.

In order to give security to titles, the legislature, nearly thirty years ago, fixed ten years as the period within which an action to recover the possession of land should be brought. The construction of this statute has been considered in many cases by this court, and the uniform holding has been that the statute is one of repose; that if a party establish in himself or in connection with those under whom he claims an actual, notorious, continuous possession of land as owner for a period of ten years, he

thereby acquires an absolute title to the land, and this ir-
respective of any question of motive or mistake. Neither
does the purchase of a tax deed break the continuity of
possession. (*Griffith v. Smith*, 27 Neb., 47.) Cases may
be found which hold that the purchase of such title breaks
the continuity. We cannot agree, however, that such
is the case. A party in possession of land as owner cer-
tainly has a right to protect that possession by the pur-
chase of any outstanding claim or lien against the prop-
erty. There is not thereby any break in the possession,
nor does the adverse occupant rely upon his purchased title
in preference to the one which he previously possessed.
He joins the two together and possesses whatever title both
may give him. There is no error, therefore, in the instruc-
tions given on behalf of the defendant, and they conform
to the proof.

It is evident that there is no material error in the record
and the judgment is

AFFIRMED.

THE other judges concur.