[No. 2177.   Decided April 23, 1896.]

G. HOWEY *et al., Respondents*, v. C. E. BINGHAM *et al.,
Appellants*.

LABORERS' LIENS — CHATTEL MORTGAGE — PRIORITIES.

Laborers' liens may be enforced for the full amount against the
output of a shingle mill, notwithstanding it was run successively by
two different concerns, without segregating the claims against each,
when it appears that the labor contract was a continuing one and
the business a joint undertaking. (HOYT, C. J., dissents).

Appeal from Superior Court, Skagit County. — Hon.
HENRY MCBRIDE, Judge.   Affirmed.

*Sinclair & Smith*, for appellants.
*Million & Houser*, for respondents.

The opinion of the court was delivered by

SCOTT, J.—This was an action to foreclose laborers'
liens upon a quantity of shingles.   The appellants
held a chattel mortgage thereon which the court found
was subsequent to said lien claims, whereupon this
appeal was taken.   The testimony is not here, the only
questions raised being based upon a contention that
the decree is contrary to the findings of fact.

It appears that Youker & Densmore were the own-
ers of the mill where said shingles were manufactured,
and that they operated it for some time prior to the
8th day of July, 1895, at which time they leased it to
the defendants composing the firm known as the Prai-
rie Shingle Company, after which time said mill was
for a time operated in a measure by said last-named
company.   The plaintiffs had been employed as labor-
ers by Youker & Densmore while the mill was oper-
ated by them, and continued to labor in a like capacity

for the Prairie Shingle Company while it was operating the mill. During the time that Youker & Densmore were operating it they gave the mortgage in question to the defendants Bingham & Holbrook, to secure the payment of a sum of money. Said mortgage covered the mill, the shingles on hand, and purported to cover the future output of the mill also. At the time Youker & Densmore ceased operating the mill they were indebted to the plaintiffs in various sums aggregating about $200. The Prairie Shingle Company operated the mill less than one month, and at the time it ceased it owed the plaintiffs amounts aggregating about $18. At the time Youker & Densmore ceased running the mill there were 75,000 shingles on hand which had been manufactured by them. When the Prairie Shingle Company ceased work some 500,000 of the shingles manufactured by it were on hand. The plaintiffs claimed liens for the whole amounts due them respectively against all the shingles, without segregating their claims against Youker & Densmore and the Prairie Shingle Company.

The findings of fact are not entirely harmonious, and if full effect were to be given to certain of them, independent of others, the decree was wrong, for in one finding the court found that the plaintiffs during the times aforesaid were laboring under two different and separate contracts, one with Youker & Densmore and one with the Prairie Shingle Company. But in the fourth finding of fact the court referred to and in effect adopted as one of its findings the lease and contract entered into between Youker & Densmore and the Prairie Shingle Company, a copy of which is contained in the record. Under the terms of this contract Youker & Densmore were to have the entire output of the mill, while operated by the Prairie Shingle Com-

pany, and they also agreed to pay the laborers. Said contract and lease also contained other provisions regarding the manner in which the mill should be operated, which practically placed the operation of it under the control of Youker & Densmore; and it appeared under this contract that the employment of the plaintiffs was in reality a continuing one, and the prosecution of the business thereunder was in fact a joint undertaking upon the part of Youker & Densmore and the Prairie Shingle Company.

While the findings are somewhat inconsistent with each other, they should be construed liberally upon the question as to whether they are antagonistic to the decree rendered, and the decree should not be set aside where the findings are simply conflicting, if some of them are sufficient to support it. In such a case the attack should be upon the findings in such a way as to have the question as to which of them should stand considered and determined, No such attempt was made in this appeal.

The foregoing, as we view the case, decides every material question presented in favor of the respondents, and requires an affirmance of the judgment, such of the other proceedings as these appellants can question being disposed of adversely to them on the facts contained in said fourth finding.

GORDON and DUNBAR, JJ., concur.

HOYT, C. J., dissents.