[No. 8093. Department One. November 2, 1909.]

SADIE SILVERSTONE *et al., Appellants,* v. A. M. HANLEY
*et al., Respondents.*[1]

ADVERSE POSSESSION—HOSTILE CHARACTER—RECOGNITION OF SUPERIOR TITLE—PAYING TAXES. The taking out of delinquency tax certificates upon taxes assessed against an unknown owner is not the recognition of a superior title, and will not affect title by adverse possession under claim of right and title for the statutory period.

Appeal from a judgment of the superior court for King county, Albertson, J., entered January 23, 1909, upon findings in favor of the defendants, after a trial on the merits before the court without a jury. Affirmed.

*Judd & Olson,* for appellants.

*Vince H. Faben* and *S. H. Kelleran,* for respondents.

GOSE, J.—This is an action to quiet title to certain real estate. From a decree in favor of the respondents, the case was appealed to this court.

The only question presented is, whether the findings of fact and conclusions of law support the decree. In the absence of any statement of facts or bill of exceptions, the findings will be presumed to be responsive to the pleadings.

The court found that the respondent Hanley entered into the possession of the premises prior to the year 1893, under claim of right and title; that he fenced the land with a solid fence, planted an orchard thereon; that he continued in the open and notorious possession thereof, under such claim of right, until the year 1901, when he sold and conveyed the same to the respondent Harn and his wife; that Harn's wife died intestate before the commencement of the action, leaving surviving her a husband and five minor children, the co-respondents. The court further found:

"That the defendant Harn and the defendant Hanley and the minor heirs of Adela Harn have continuously for more

[1]Reported in 104 Pac. 767.

than ten years prior to the commencement of this action openly and notoriously held, maintained and occupied the said premises to the exclusion of all other persons, including the plaintiff and those by, through and under whom the said plaintiffs claim title."

The findings are substantially reiterated in the conclusions of law. The decree was that the respondents "are the owners of the legal and equitable title" to the land.

The appellants, the owners of the record title, assert that other findings, which we shall notice, destroyed the efficacy of the finding of title by adverse possession. The substance of the findings relied upon by the appellants is, that in the month of November, 1899, the respondent Hanley received a delinquency tax certificate upon the premises for the years 1893 to 1899, both years inclusive, the premises having been assessed to an unknown owner; that he continued to pay the taxes to and including the year 1901, and that his co-respondents thereafter paid the taxes. In effect, the appellants urge that the taking out of the delinquency tax certificate by the respondent Hanley was inconsistent with the claim of ownership, and that the findings as an entirety negative a title by adverse possession. Giving the findings first mentioned a liberal interpretation, as we think we must, when read in connection with the decree, they are sufficient to establish an adverse possession taken and held in good faith under a claim of right, for the statutory period. Where the findings are not consistent with each other, if there is one or more which support the decree it will be upheld. *Howey v. Bingham*, 14 Wash. 450, 44 Pac. 886. However, the appellants' contention, that the taking out of the tax certificate is a recognition of a superior title, is not tenable. The payment of taxes by the party in possession is not necessary in order that the possession may ripen into a title. *Johnson v. Conner*, 48 Wash. 431, 93 Pac. 914.

In the instant case, as we have seen, the land was assessed to an unknown owner. The property was taxable, and the

taking of the tax certificate was but a recognition of the taxing power of the state. The respondent could have paid the taxes without recognizing a superior title, and we do not regard the acceptance of the certificate as having any greater force. This view finds support in the following cases: In *Griffith v. Smith*, 27 Neb. 47, 42 N. W. 749, it was held that the rights of a party in adverse possession of land were not impaired by the purchase of a tax certificate and accepting and recording a tax deed, and that such act could not be treated as an abandonment of the possession or an acknowledgment of the superior title of the original and former owner. The same view was announced in *Hayes v. Martin*, 45 Cal. 559. In *Cannon v. Stockmon*, 36 Cal. 535, 95 Am. Dec. 205, the refusal of the court to instruct the jury that, "A party in possession of premises claiming to own the same may buy his peace by purchasing any outstanding title or claim of title without admitting such title or claim of title to be valid," was held to be error. In the case last cited the court, speaking of one in possession who purchased an adverse claim, said: "He has a right to quiet his possession and protect himself from litigation, in any lawful mode that appears to him most advantageous or desirable." The following cases support the view we have announced: *Mather v. Walsh*, 107 Mo. 121, 17 S. W. 755; *Omaha & F. Land & Trust Co. v. Hansen*, 32 Neb. 449, 49 N. W. 456; *Myer v. Hope*, 101 Wis. 123, 77 N. W. 720; *Singer Mfg. Co. v. Tillman* (Ariz.), 21 Pac. 818.

The decree will therefore be affirmed.

RUDKIN, C. J., FULLERTON, CHADWICK, and MORRIS, JJ., concur.