[No. 13353. Department One. July 7, 1916.]

FIRST NATIONAL BANK OF EVERETT, *Appellant*, v.
E. A. NEILSEN *et al.*, *Respondents*.[1]

PLEDGES—WAIVER—ELECTION OF REMEDIES. Where an insurance
policy, pledged to a bank as collateral security for a loan, was sur-
rendered to a receiver who collected the amount due on the policy,
the bank, by seeking to garnishee the fund, makes an election of
remedies and waives its equitable lien under the pledge of the policy.

GARNISHMENT — PROPERTY SUBJECT — TITLE OF DEBTOR. Where a
mortgagor had agreed that the property should be insured, with loss
if any payable to the mortgagee as its interest might appear, a cred-
itor of the mortgagor could not garnishee the fund collected on the
policy, as the garnishee could obtain no better right than the mort-
gagor had.

Appeal from an order of the superior court for Pierce
county, Chapman, J., entered November 17, 1915, upon find-
ings in favor of the defendant, directing the payment of a
claim in receivership proceedings. Affirmed.

*Cooley, Horan & Mulvihill*, for appellant.
*Herr, Bayley & Wilson*, for respondents.

MOUNT, J.—This appeal is from an order of the trial
court directing a receiver to pay to Neilsen & Einerson, the
respondents, the sum of $592.77, being a part of the pro-
ceeds of an insurance policy.

The facts are as follows: The Tacoma Lumber & Shingle
Company, a corporation, borrowed from Neilsen & Einerson
$4,000. To secure this loan, the Tacoma Lumber & Shingle
Company executed a mortgage upon its property and agreed
in the mortgage that the property should be insured by the
mortgagor with loss, if any, payable to the mortgagees as
their interest might appear. Thereafter several insurance
policies were obtained by the mortgagor, aggregating the
sum of $9,500. All of these policies, with the exception of

[1]Reported in 159 Pac. 113.

one, issued by the Fireman's Fund Insurance Company, of San Francisco, were made payable to the mortgagees "as their interest might appear." That policy, by mistake of the agent who issued the policy, did not contain this clause. These policies were left in the possession of the mortgagor.

Thereafter, and on August 16, 1912, the Tacoma Lumber & Shingle Company borrowed from the First National Bank of Everett the sum of $500, and executed its promissory note therefor, payable on demand. At the time this loan was made, all the insurance policies were delivered by the Tacoma Lumber & Shingle Company to the bank as collateral security for the repayment of the loan of $500. Thereafter, the mill property was destroyed by fire, and suits were brought by Neilsen & Einerson and the Tacoma Lumber & Shingle Company to recover upon the insurance policies. While these suits were pending, the First National Bank of Everett brought an action upon the note for $500, and sued out a writ of garnishment against all of the insurance companies. Thereupon a receiver was appointed for, and took possession of, the property of the Tacoma Lumber & Shingle Company. Afterwards, an agreement of settlement was made in the action pending against the insurance companies, and it was thereupon stipulated that the policies should be surrendered to the receiver, who should collect the money agreed upon to be paid by the insurance companies and hold the same subject to the order of the court. Upon the Fireman's Fund policy, $647.49 was paid over to the receiver in full settlement of that policy. Upon the other policies collected by the receiver, there was not enough to satisfy the mortgage to Neilsen & Einerson. The balance due upon that mortgage amounted to $592.77, after applying all of the insurance money except the money received from the Fireman's Fund Insurance Company.

An application was then made to the court for an order directing the receiver to pay from the money collected from the Fireman's Fund Insurance Company the sum of $592.77

in satisfaction of the respondents' mortgage. This order was made. The bank has appealed from that order.

Upon the facts stated, the trial court was of the opinion that the placing of the insurance policies in the hands of the bank gave the bank a prior equitable lien upon the Fireman's Fund Insurance Company's policy; but when the bank sought, by writ of garnishment, to attach this fund in the hands of the insurance company, and also other funds due from the other insurance companies, the bank waived its lien, and by the writ of garnishment was entitled only to the rights of the Tacoma Lumber & Shingle Company.

The question presented in the case is whether the appellant, by its writ of garnishment, waived its equitable right to the proceeds of the policy issued by the Fireman's Fund Insurance Company. The general rule is that a creditor may not pursue inconsistent remedies, and any act "by which he disregards his rights under the pledge and intentionally seeks to obtain a lien on the property by other means for himself, or his assignee, will be construed as an implied waiver of his lien." 31 Cyc. 816, b; Drake, Attachment, §§ 540, 604.

We think it is quite clear under the facts in this case that, if the bank had a lien upon the policy, or the fund due thereunder from the Fireman's Fund Insurance Company, it was an equitable lien, and that, when the bank sought by writ of garnishment of this and other funds to secure a lien thereon, it waived its right to that equitable lien. It thereby sought to establish a different and independent lien by the writ of garnishment. This remedy was, we think, inconsistent with the remedy to pursue its equitable right. We have no doubt of the right of the bank to pursue other funds without waiving its right to that fund. But in order to pursue its legal remedy against the Fireman's Fund Insurance Company, it necessarily waived its right to pursue its equitable remedy against that fund. We are of the opinion, therefore, that the trial court properly held that the bank waived its equit-

able right when it pursued its legal remedy by garnishment, because by garnishment the bank could get no better right to the debt garnished than its debtor had, and if the debtor, the Tacoma Lumber & Shingle Company, had no right to the debt garnished, then the bank acquired none by the garnishment. *Ford v. Aetna Life Ins. Co.*, 70 Wash. 29, 126 Pac. 69.

The Tacoma Lumber & Shingle Company, at the time the writ of garnishment was served, had no right to this fund, because it had agreed with the mortgagees, Neilsen & Einerson, that this and the other insurance policies should stand as security for the payment of the mortgage. We think the trial court was justified, therefore, in directing the satisfaction of the mortgage from this fund.

The judgment is affirmed.

MORRIS, C. J., CHADWICK, ELLIS, and FULLERTON, JJ., concur.