[No. 13854. Department One. April 12, 1917.]

ANNA F. SKINNER, *Respondent*, v. F. HILL HUNTER *et al.*,
*Appellants*.[1]

LIS PENDENS — EFFECT — MORTGAGES — FORECLOSURE—HOMESTEAD
RIGHT DURING REDEMPTION. The filing of a *lis pendens* in an action
to foreclose a mortgage bars a declaration of homestead by a sub-
sequent purchaser from the mortgagors; since the right to claim a
homestead under Rem. Code, § 602, is a right "reserved" to the
"judgment debtor" during the period of redemption, and cannot be
transferred to one who had neither possession nor right of home-
stead at the time the *lis pendens* was filed.

Appeal from an order of the superior court for Spokane
county, Blake, J., entered September 23, 1916, granting a
writ of assistance in foreclosure proceedings, after a hearing
before the court. Affirmed.

*A. O. Colburn*, for appellants.

*J. Webster Hancox*, for respondent.

CHADWICK, J.—Respondent began an action to foreclose a
mortgage upon certain property in Spokane. A *lis pendens*
was filed at the time the action was commenced. The prop-
erty was occupied by appellants Bedford as tenants from
month to month. They were not made parties to the fore-
closure proceedings. Before judgment was entered, the Bed-
fords, whom I shall refer to as appellants, purchased the
property of the mortgagors and, on the same day, filed a
declaration of homestead. After decree and sale, appellants
refused to give possession, and respondent applied for and
was granted a writ of assistance. Counsel contends that a
writ of assistance is not a proper remedy, but as the record
is not sufficient to raise that issue, we will consider his main
reliance, that is, that his clients are entitled to remain in
possession of the mortgaged premises under their claim of
homestead.

[1]Reported in 164 Pac. 244.

The filing of a *lis pendens* bars a stranger to the title from asserting a homestead in the property. Rem. Code, § 243; Jones, Mortgages (7th ed.), § 1664. See, also, *Payson v. Jacobs*, 38 Wash. 203, 80 Pac. 429; *Portland & Seattle R. Co. v. Ladd*, 47 Wash. 88, 91 Pac. 573.

Under our statute, the right to claim a homestead in property can hardly be said to be a matter of traffic. It is a right reserved to a "judgment debtor" to "retain" possession of the mortgaged premises during the period of redemption. Rem. Code, § 602.

Since appellants' grantors had neither possession nor right of homestead at the time the *lis pendens* was filed, it follows that the judgment must be affirmed.

ELLIS, C. J., MAIN, and WEBSTER, JJ., concur.