[No. 13749.  Department One.  August 29, 1917.]

NORTHWEST TRUST & SAFE DEPOSIT COMPANY, *Respondent,*
v. NETTIE BUTCHER *et al., Appellants,* RICHARD
SEYMOUR CONKLIN *et al., Defendants.*[1]

MORTGAGES — POSSESSION OF HOMESTEAD — DURING REDEMPTION —
"JUDGMENT DEBTOR" — SUBSEQUENT PURCHASERS.  A purchaser of
mortgaged premises who did not assume, and was not liable upon,
the mortgage debt, is not the "judgment debtor" within Rem. Code,
§ 602, providing that, if the premises are occupied as a homestead
at the time of sale, the "judgment debtor" may "retain" possession
during the period of redemption; in view of the evident purpose of
the act (of 1899) to reverse the former policy of the superseded
law (of 1897) giving such right to the judgment debtor "or those
claiming by, through, or under him."

Appeal from a judgment of the superior court for King
county, Tallman, J., entered May 12, 1916, upon findings
in favor of the plaintiff, in an action to foreclose a mortgage,
tried to the court.  Affirmed.

*Butcher & Butcher,* for appellants.

*Hartman, Nafe & Hartman,* for respondent.

ELLIS, C. J.—This case presents a contest for possession
of real property sold on foreclosure of a mortgage and
claimed as a homestead during the redemption period.

On December 6, 1912, defendant Conklin, then a bachelor,
executed to plaintiff a mortgage on certain residence prop-
erty in the city of Seattle to secure his promissory note for
$6,000 and interest.  In the mortgage he waived all home-
stead rights in the property and all right to retain posses-
sion thereof upon noncompliance with its conditions.  On
February 11, 1915, the property was conveyed, subject to
the mortgage, to defendant Nettie Butcher, since which time
she and her husband have continuously occupied the premises
as their home.  In February, 1915, she executed and filed for

[1]Reported in 167 Pac. 46.

record her declaration claiming the property as a homestead. Thereafter, plaintiff brought this suit to foreclose the mortgage. The Butchers answered, claiming the right of possession during the period of redemption. By written stipulation, it was agreed that the right of possession might be determined in the decree. On May 12, 1916, a decree was entered giving plaintiff judgment against Conklin personally, foreclosing the mortgage as to all the defendants, and ordering that the purchaser on foreclosure sale be let into immediate possession. On June 24, 1916, the property was sold by the sheriff under the decree, plaintiff becoming the purchaser for the full amount of its judgment. Defendants Butcher appeal.

The statute governing the right of possession of real property sold on execution or under foreclosure during redemption period was passed in 1899 (Laws 1899, ch. 53, p. 93, § 15), and appears in Rem. Code as § 602. It declares that the purchaser at such sale shall have the possession until a resale or a redemption, and the redemptioner until another redemption, saving the rights of tenants holding under unexpired leases. It then, by three provisos, makes the following exceptions to the general rule:

"Provided, that when a mortgage contains a stipulation that in case of foreclosure the mortgagor may remain in possession of the mortgaged premises after sale and until the period of redemption has expired the court shall make its decree to that effect and the mortgagor have such right."

The substance of the second proviso is that if the land is used for farming purposes the judgment debtor shall have possession during the period of redemption, subject to a lien on the crops for interest on the purchase price and for taxes. The last provision reads:

"Provided further, that in case of any homestead occupied for that purpose at the time of sale, the judgment debtor shall have the right to retain possession thereof during the period of redemption without accounting for issues or value of occupation."

Appellants pin their case to the exception contained in the last proviso. They insist that the statute "means just what it says." If it does, the argument is ended. This proviso, in express words, gives the right to "retain possession" to "the judgment debtor." It does not say "judgment debtor, or those claiming by, through or under him," as did the statute of 1897 on the same subject (Laws 1897, p. 227), which the statute of 1899 here involved superseded and by necessary implication repealed. Appellants are not judgment debtors, either actual or potential. They did not sign the mortgage note, did not assume the mortgage, did not owe the debt. No money judgment was taken or could have been taken against them or either of them. It was the declared policy of the law of 1897 to deny to the purchaser, "either under execution, foreclosure or other judicial proceedings," the possession of real estate subject to redemption during the redemption period. The present statute, by reason of combining in one section provisions relating to real property sold on execution and provisions relating to real property sold under decree of foreclosure, is far from lucid. But notwithstanding a confused wording, it admits of no doubt that its main purpose is to reverse the policy of the prior law. When it is read in the light of the prior law, the policy of which it expressly reverses, save as to the persons specifically excepted in the three provisos noted, the conclusion is inevitable that the words "judgment debtor" were advisedly retained and the words "or those claiming by, through or under him" were advisedly discarded. Under the statute as it now exists, appellants have no right to retain possession in virtue of their homestead declaration simply because they are not judgment debtors.

In the recent case of *Skinner v. Hunter*, 95 Wash. 607, 164 Pac. 244, evidently recognizing the limiting force of the words "judgment debtor" in this proviso, but possibly not then fully discerning its whole significance, we said:

"Under our statute, the right to claim a homestead in property can hardly be said to be a matter of traffic. It is a right reserved to a 'judgment debtor' to 'retain' possession of the mortgaged premises during the period of redemption. Rem. Code, § 602."

That decision is based mainly on the sufficient ground of the bar of the *lis pendens*, but we are now convinced that it might have been soundly placed on the fundamental ground here invoked.

Able counsel for respondent, apparently overlooking the ground which we have noted, invite us to base respondent's right of possession on the waiver of all homestead rights and all right of possession contained in the mortgage. But we find it unnecessary to discuss the much vexed question as to whether or not a waiver of the right of possession is contrary to public policy. That question is not involved in this case, since appellants, in any event, are not entitled to possession.

Affirmed.

MORRIS, WEBSTER, MAIN, and CHADWICK, JJ., concur.