[No. 20238.   Department Two.   April 28, 1927.]

FARMERS STATE BANK OF REARDON, *Cross-appellant*, v.
RALPH HYDE CHICK *et al.*, *Defendants*, JOHN
HANCOCK MUTUAL LIFE INSURANCE COM-
PANY, *Respondent*, FRED B. PALMER,
*as Executor, etc., Appellant.*[1]

[1] APPEAL (182)—CROSS-APPEALS—TIME FOR TAKING. A cross-ap-
peal not taken within ten days after the appeal, as required by
Rem. Comp. Stat., § 1720, will be dismissed on motion.

[2] CHATTEL MORTGAGES (3, 36)—CROPS—ESTATES AND INTERESTS OF
PARTIES. A crop mortgage, executed by the owners of two-thirds
of the crop, who were in possession of the land, cannot be fore-
closed against an estate owning and entitled to the possession
of one-third of the crop, on the theory that the mortgagors were
tenants of the estate and as such entitled, by custom, to two-
thirds of the landlord's interest in the crop; since the mortgage
could not operate against any right to compensation which the
joint owners raising the crop might have against the estate.

[3] MORTGAGES (259, 261)—EXECUTORS AND ADMINISTRATORS (48)—
POSSESSION OF REAL ESTATE—REDEMPTION—RENTS AND PROFITS—
TAXES AND INTEREST DURING PERIOD—LIENS. Where a mortgage
on farming land was foreclosed without making the administra-
tor of the estate owning a one-third interest a party to the
action, the estate's interest in a crop raised during the period of
redemption cannot be charged with any portion of the mortgage
lien for interest and taxes on the rents and profits during re-
demption, given by Rem. Comp. Stat., § 602, in case no redemp-
tion is made; in view of Id., § 1464, providing that the ad-
ministrator shall have immediate possession of all personalty,
and the right to receive the rents and profits of the real estate
until the estate is settled.

[4] MORTGAGES (259, 261)—REDEMPTION—RENTS AND PROFITS—TAXES
AND INTEREST—LIEN. Under Rem. Comp. Stat., § 602, providing
that, upon the foreclosure of farming land, the purchaser, in
case the judgment debtor does not redeem, shall have a lien
upon the crops raised during the period of redemption, for in-
terest on the purchase price and taxes, the lien is superior to
any lien of a chattel mortgage on the crop executed after the
real estate mortgage.

[1]Reported in 255 Pac. 915.

[5] SAME (259, 261). The interests of a judgment debtor, in pos-
session of but two-thirds of a crop on farming land raised by
him during the period of redemption, which is subject to the
purchaser's lien for interest and taxes upon the rents and profits
in case no redemption is made, given by Rem. Comp. Stat., § 602,
can be charged with only two-thirds of such interest and taxes.

Cross-appeals from a judgment of the superior court
for Lincoln county, Sessions, J., entered March 4, 1926,
upon findings in favor of a cross-complaint, in an
action to foreclose a chattel mortgage. Appeal of
Farmers State Bank dismissed. Reversed on appeal
of the estate.

*R. L. Edmiston,* for appellant Farmers State Bank.

*Richard E. Morris* and *McGar & Dricken,* for appel-
lant estate.

*Lawrence H. Brown,* for respondent John Hancock
Mutual Life Insurance Company.

ASKREN, J.—In November, 1922, Ralph Hyde Chick
and wife were the owners of an undivided two-thirds
interest in a farm in Lincoln county. The other one-
third was owned by Florence Hyde Chick, mother of
Ralph Hyde Chick. At that time, the owners joined in
executing a mortgage on the farm to the John Hancock
Mutual Life Insurance Company, in the sum of $42,000.
In October, 1923, the same parties also executed a
chattel mortgage against the prospective crop for 1924
in the sum of $11,700, in favor of the Farmers State
Bank of Reardon.

Florence Hyde Chick died in March, 1924, and the
son, Ralph Hyde Chick, was thereupon appointed ad-
ministrator with the will annexed. Under the will, he
was devised all of the estate save some minor bequests.
The estate was insolvent. On October 7, 1925, the bank
presented its claim under the chattel mortgage to the
administrator and it was approved by him and the

court. During 1924 the crop was sold and there was paid to the bank on account of its claim interest then due and $2,147.35 on the principal. On November 3, 1924, Ralph Hyde Chick individually executed a new chattel mortgage to the bank upon the prospective crop for 1925, to secure the balance due on the previous chattel mortgage. Thereafter the bank advanced the further sum of $782.10 for the protection of the 1925 crop. In July, 1925, a receiver was appointed who harvested the crop, and after the expenses were paid, a net sum of $13,198.97 was realized and deposited with the county clerk to abide the decision of the court as to the parties entitled thereto. In September, 1925, the bank sought foreclosure of its chattel mortgage on the 1925 crop and for re-payment of the advances made thereon. It made, as one of the parties defendant, the insurance company, which had in the meantime foreclosed its mortgage, and sheriff's certificate had issued to it in April, 1925. The insurance company cross-complained, and sought to establish a lien against the crop and the sale thereof, and also for the taxes paid and interest on the foreclosure judgment during the year of redemption.

The trial court, on March 4, 1926, entered a decree holding: First, that the insurance company had a prior lien upon the crop and its proceeds from the date of the sale to the end of the redemption year, which would be April 25, 1926, for interest on the sale price, and for taxes, with interest until the date of redemption; second, that the bank have judgment against Chick individually in the sum of $10,902.60, with interest and attorneys fees, which judgment was declared a lien upon eight-ninths of the crop and its proceeds, subject, however, to the insurance company's lien; third, that the estate was entitled to an undivided one-ninth of the

crop and its proceeds, subject to the insurance company's lien; fourth, that the one-ninth interest of the estate be charged with one-third of the insurance company's lien, and the eight-ninths interest set apart to the bank be charged with two-thirds of the insurance company's lien.

The court made further provision for the holding of the fund until the time for redemption should expire, and for some other matters not directly involved in this appeal. No redemption was made, and the fund thereupon was divided as provided in the decree. The estate thereupon appealed. After it had appealed the bank cross-appealed.

[1] The respondent insurance company has moved to dismiss the cross-appeal because it was not taken within ten days after the estate's appeal, as required by Rem. Comp. Stat., § 1720 [P. C. § 7294].

The record discloses that the cross-appeal was not taken for a period of five weeks after the estate's appeal, and under our decisions the cross-appeal must be dismissed. *Mottet v. Stafford,* 94 Wash. 572, 162 Pac. 1001.

[2] The estate has presented three assignments of error. The first is that the court erred in decreeing a foreclosure of the bank's chattel mortgage against more than a two-thirds interest of the 1925 crop, and in holding that the estate was only entitled to one-ninth interest therein. This contention must be sustained. At the time the chattel mortgage on the prospective 1925 crop was given, it was signed by Ralph Hyde Chick representing the community that owned two-thirds of the property. The other one-third belonged to the estate of his mother. No mortgage was executed upon behalf of the estate, nor was any directed to be made by the probate court. It was the contention of counsel

for the bank, concurred in by the trial court, that, since it was the custom of landlords and tenants for the tenant to receive two-thirds of the crop and the landlord one-third, although there was neither lease nor agreement to this effect, the court should consider that Chick, as tenant, was the owner of two-thirds of the estate's share, or two-ninths of the crop, and this, added to the six-ninths which he owned by reason of his ownership of two-thirds of the real estate, made eight-ninths of the crop which would be subject to the chattel mortgage.

The reasoning adopted, however, is fallacious. The estate's share was never mortgaged to the bank, nor was any agreement of any kind ever entered into on its behalf for the raising of the crop. It may be true that Chick personally is entitled to receive from the estate proper recompense for his services in raising the crop, but that is a matter that must be presented to the court for approval. It would in no sense justify the court in declaring a mortgage executed personally by Chick to operate against any compensation he may receive from the estate.

[3] It is next urged that the court erred in charging the interest of the estate in the 1925 crop with any portion of the insurance company's lien for interest on the purchase price and taxes. At the time the insurance company foreclosed its real estate mortgage, it failed to make the administrator a party defendant. It did, however, make the other persons who inherited under the will defendants, and thus the decree of foreclosure determined their rights. But the estate itself had rights that were not affected by the proceeding.

Rem. Comp. Stat., § 1464 [P. C. § 9969], provides:

"Every executor or administrator shall, after having qualified, by giving bond as hereinbefore provided,

have a right to the immediate possession of all the real
as well as personal estate of the deceased, and may
receive the rents and profits of the real estate until the
estate shall be settled or delivered over, by order of the
court, to the heirs or devisees, and shall keep in tenant-
able repair all houses, buildings and fixtures thereon,
which are under his control."

We think it clear that, under this section, the rights
of the administrator to take possession of the estate
and handle it for the benefit of creditors, heirs and
others interested can not be gainsaid.

The administrator represented a large number of
creditors of the estate and others who were interested
in the proper disposition of the assets thereof. One of
these assets was the right of the administrator to take
possession of the estate's one-third interest in the farm
and produce a crop thereon. The right to do so, how-
ever, could be terminated by a superior right such as
the mortgage foreclosure. But to terminate that right
it was necessary to make the administrator as such a
party defendant. Not having done this, the adminis-
trator as such retained possession of one-third of the
farm and raised the estate's share of the crop.

The right to charge the crop with interest on the
purchase price of the certificate sale is provided in
Rem. Comp. Stat., § 602 [P. C. § 7917]:

"The purchaser from the day of sale until a resale
or redemption, and the redemptioner from the day of
his redemption until another redemption, shall be en-
titled to the possession of the property purchased or
redeemed, unless the same be in the possession of a
tenant holding under an unexpired lease, and in such
case shall be entitled to receive from such tenant the
rents or the value of the use and occupation thereof
during the period of redemption: . . . *Provided
further,* That as to any land so sold which is at the time
of the sale used for farming purposes, or which is a

part of a farm used at the time of sale for farming purposes the judgment debtor shall be entitled to retain possession thereof during the period of redemption and the purchaser or his successor in interest shall if the judgment debtor do not redeem have a lien upon the crops raised or harvested thereon during the period of such possession for interest on the purchase price at the rate of six per cent per annum during the period of possession and for any taxes with interest: . . .''

It will be readily seen from reading the statute that Chick's share, or two-thirds of the crop, is chargeable with the insurance company's lien, because his right to possession, except on payment as set out therein, was foreclosed. But the estate's right, never having been foreclosed, continued to run unaffected by any requirement of the statute.

[4] The lien provided in Rem. Comp. Stat., § 602, for interest on the purchase price and taxes, is superior to any lien of chattel mortgage executed after the original real estate mortgage. *Mount v. Rockford State Bank,* 134 Wash. 479, 236 Pac. 82.

Argument has been made that the administrator is not a judgment debtor as contemplated by § 602, *supra,* entitling him to retain possession. In this connection is cited *Northwest Trust & Safe Deposit Co. v. Butcher,* 98 Wash. 158, 167 Pac. 46, where, in construing the homestead provision of § 602, which provides that the judgment debtor shall have the right to retain possession of the homestead during the period of redemption, we held that the right could only be exercised by the original mortgagor, and not by his successors in interest. It is unnecessary here to determine whether the administrator who takes possession by operation of law has the same standing as the original debtor, since the rights of the administrator flow clearly from the probate statute.

[5]   In this connection, should be noticed the fact that only two-thirds of the lien of the insurance company for interest on the purchase price and taxes goes against the crop share of Ralph Hyde Chick.   While as heir of his mother he would receive title to the one-third of the whole property and thus become the sole owner of the title to the farm, yet he had, during the redemption year, possession of only two-thirds of the property, the other one-third being in possession of the administrator.   Being therefore, in possession of but two-thirds of the whole, being entitled to but two-thirds of the crop—it follows that but two-thirds of the interest on the purchase price and taxes should be charged to him.

We conclude, therefore, that the crop should be divided as follows:   Two-thirds thereof to Ralph Hyde Chick, subject to two-thirds of the taxes paid by the insurance company, and two-thirds of the interest on the purchase price during the redemption period; and secondly, to the mortgage and advances made by the Farmers State Bank.   One-third thereof to the estate of Florence Hyde Chick.

The judgment is reversed, with instructions to enter a judgment in conformity with this opinion.

MACKINTOSH, C. J., PARKER, and TOLMAN, JJ., concur.