[No. 25162. Department Two. December 17, 1934.]

RICHARD E. MORRIS, as *Administrator, Appellant,* v. GERALD SHERMAN, *Individually and as Executor, Respondent.*[1]

[1]Reported in 38 P. (2d) 1012.

46

*C. P. Borberg* and *Richard E. Morris,* for appellant.
*Lawrence H. Brown* and *Battle, Hulbert & Helsell,* for respondents.

BEALS, C. J.—Plaintiff, as administrator *de bonis non cum testamento annexo* of the estate of Florence Hyde Chick, deceased, brought this action against Lucy H. and Gerald Sherman, husband and wife, asking for judgment for $3,118.15, being one-third of the net receipts from the crops raised on a Lincoln county farm during the years 1926, 1927 and 1928. Upon the death of defendant Lucy H. Sherman, Gerald Sherman, as executor of Mrs. Sherman's will, was substituted for Mrs. Sherman as party defendant. Mr. Sherman, party defendant herein individually and as executor, will be referred to herein as respondent. The action was tried to the court, having been submitted upon an agreed statement of facts, and from an adverse judgment plaintiff appeals.

The agreed statement of facts is long, and may be epitomized as follows: During the year 1918, Florence Hyde Chick became the owner of a large farm near Reardan, in Lincoln county, the property being, after her purchase, subject to two mortgages. Mrs. Chick then conveyed to her son, Ralph Hyde Chick, an undivided two-thirds interest in the farm, and in 1922, Mrs. Chick and her son executed to John Hancock Mutual Life Insurance Company a first mortgage for forty-two thousand dollars. A second mortgage for $46,300 was in favor of Lucy H. Sher-

man, Patricia Palmer, Mrs. Ernest Ling and Roy McNaught, these mortgagees being relatives of Mrs. Chick.

In March, 1924, Mrs. Chick died testate, her son, Ralph, being practically her sole beneficiary. Mrs. Chick's will was admitted to probate by the superior court for King county, the administration thereof regularly proceeding in charge of Ralph Chick as administrator with the will annexed. No claim against Mrs. Chick's estate was presented by the insurance company on its note and mortgage, and during all of this time Ralph Chick was in possession of the entire farm and engaged in the active operation thereof.

In December, 1924, the insurance company instituted foreclosure proceedings, joining as defendants all of the heirs of Florence Hyde Chick, including her son, Ralph, as an individual, but not naming him as administrator of his mother's estate. The mortgagees named in the second mortgage were also named as parties defendant. This foreclosure action resulted in a decree of foreclosure, under which the sheriff sold the property in April, 1925, to the plaintiff in the action, the insurance company, which bid the full amount of its judgment, $52,806.58.

During the twelve months following the sale, a receiver was appointed by the superior court for Lincoln county to take charge of the 1925 crop, the receiver having been appointed in an action brought by the Farmers State Bank of Reardan to foreclose a crop mortgage. From a decree of the superior court determining the ownership of the proceeds of the 1925 crop, the Chick estate appealed to this court. See *Farmers State Bank v. Chick,* 143 Wash. 614, 255 Pac. 915.

In October, 1925, one Weipert took possession of the farm as tenant of the insurance company, which

was then in possession under its certificate of purchase. At this time, Ralph Chick gave full and complete possession of the land to Mr. Weipert, who has, at all times since, been in possession of the property under lease from the insurance company or its successors in interest.

No redemption of the property having been effected, a sheriff's deed thereto issued to the insurance company, which shortly thereafter conveyed the same to Lucy H. Sherman, who was then the owner of one of the second mortgage notes, she purchasing the land in order to protect her interest therein, the other mortgagees not desiring to protect their interests by joining in the purchase. Mrs. Sherman was requested to buy the land by Ralph Chick, who then stated that the Florence Chick estate had no claim to the land or any crops grown or to be grown thereon. Prior to making the purchase, Mrs. Sherman obtained the opinion of counsel upon the title to the property, and made the purchase in ignorance of the fact that the estate of Florence Chick had or might make any claim against the land or any interest therein or to the crops which might be raised thereon.

Ralph Chick died in February, 1928, whereupon appellant was appointed administrator, etc., of the Florence Chick estate, which estate, it appears, is now, and always has been, insolvent.

Appellant claims that, as in the action brought to foreclose the insurance mortgage Ralph Chick, as his mother's administrator, was not named as a party defendant, the right of the Florence Chick estate to the possession of one-third of the land and to the ownership of one-third of the crops produced thereon was never foreclosed, and that the estate is entitled to receive from the insurance company and its successors in interest one-third of the net sum realized

from the farm during the three years above mentioned.

By its decree herein, the trial court found that the insurance company and its successors in interest were mortgagees in possession, and decreed that respondent, as such mortgagee in possession, was entitled to maintain the same without accounting to appellant, unless appellant should within a fixed period pay to respondent certain sums representing the proportion of the mortgages represented by respondent due from the estate of Florence Chick, as owner of one-third of the land. Appellant, representing the Florence Chick estate, elected not to avail himself of the privilege accorded by the court, whereupon the final decree of dismissal from which appellant has appealed was entered.

Appellant assigns error upon the finding of the trial court to the effect that respondent is a mortgagee in possession under the insurance mortgage and the second mortgage, or under either of them or any portion thereof, and in failing to find that appellant was entitled to possession of an undivided one-third interest in the farm and consequently to a one-third of the net rents, issues and profits for the years 1926-27-28, without paying to respondent a proportion of the first and second mortgages.

Appellant does not argue that the estate which he represents can at this time maintain any claim to the one-third interest in the farm owned by Mrs. Chick during her lifetime. Appellant only claims that the Florence Chick estate had a right of possession for a certain period, admitting that the mortgage foreclosure proceedings to which Ralph Chick, as an individual, was a party defendant divested his title both to the two-thirds interest which he owned prior to his mother's death and the one-third interest which he received as devisee under his mother's will. The

only issue here presented, therefore, is that of the right to a one-third interest in the net proceeds thereof for the period named.

It is admitted that Ralph Chick was in possession of the entire farm at the time of the institution of the mortgage foreclosure, and that he remained in physical possession thereof until October, 1925.

In the case of *Farmers State Bank v. Chick, supra,* it was held that the mortgagee named in a crop mortgage could not foreclose the same against the one-third interest in the crop owned by the Florence Chick estate, the facts being stated in the opinion. The right of Ralph Chick, as representative of his mother's estate, to a one-third interest in the proceeds of the land for the benefit of the estate and persons interested therein was upheld as against claims under the foreclosure of the insurance mortgage, with which we are concerned in this action, because of the failure of the insurance company to make Ralph Chick, as his mother's administrator, a party defendant to that proceeding.

In the case at bar, the trial court gave full effect to the holding of this court in the case cited, but held, as above stated, that respondent, as a mortgagee in possession, could not be required to account to appellant for any portion of the net proceeds of the land until appellant should pay to respondent the proportion of the mortgage debts, taxes, etc., which Florence Chick or her estate, as owner of the one-third interest in the farm, should have paid, and which respondent or his predecessors in interest actually did pay or become entitled to receive under the second mortgage.

As a general proposition, it may be assumed, as argued by appellant, that an administrator can not give away or gratuitously waive any right which the

estate which he represents may have to an asset belonging to the estate. This proposition, as applied to the case at bar, assumes that Ralph Chick, in disclaiming on behalf of the Florence Chick estate any interest in the farm or its produce, was, in fact, relinquishing an asset of the estate.

It is stipulated in the statement of facts, subject to appellant's contention that the evidence was immaterial, that Ralph Chick, knowing that his mother's estate could not redeem the property from the pending foreclosure of the insurance mortgage, requested the second mortgagees to save the farm, and that, when they refused to do so, he urged Mrs. Sherman to purchase the land from the insurance company after the issuance of the sheriff's deed, and that he requested the insurance company to sell the farm to Mrs. Sherman. It also appears from the agreed statement of facts that, at the time the purchase of the farm by Mrs. Sherman was consummated, Ralph Chick orally stated to representatives of both parties that the Florence Chick estate consented to the sale, and had no claim of any kind against the lands or crops to be grown thereon in the future. This also appears from reports made by Ralph Chick as administrator of his mother's estate which are part of the record in this case.

In a petition for leave to sell real estate which Ralph Chick, as administrator of his mother's estate, presented to the superior court, he listed all of the real property belonging to the estate, and mentioned the Lincoln county farm, stating that the same had been sold under foreclosure and that the year of redemption had expired. In a later report of his administration, Mr. Chick again referred to the farm property, stating that

"  . . . the said property was sold under foreclosure and the time for redemption has expired. That the estate was unable to redeem the same and has no further interest or equity therein."

Appellant argues that these statements were made by Mr. Chick and his counsel while under a misapprehension of the estate's right to continued possession of a one-third interest in the farm; and that, in the petition and report mentioned, there was no actual intention of surrendering known property rights or any real asset belonging to the estate.

It is, of course, manifest that, under the circumstances as they then existed, the right of the Florence Chick estate to maintain possession of an undivided one-third of the farm was an extremely doubtful asset. Under the management of Mr. Weipert, the farm operations for the three years with which we are here concerned showed a profit, but it may well be that Ralph Chick realized that, as far as he or his mother's estate were concerned, the right to possession of an undivided one-third interest in the farm was a mere empty right, without possibility of value. It is difficult to see how Mr. Chick could have arranged for the operation of an undivided one-third interest in the farm. After someone else farmed the entire property and showed a net profit over operating expenses, it is easy for the Florence Chick estate to claim an interest in the net product; but it is equally easy to understand that, at the time Ralph Chick abandoned the property to the holder of the certificate of purchase issued in the mortgage foreclosure suit, he may well have realized that further attempt to farm the property or to maintain any right of possession as his mother's administrator would be effort utterly wasted and devoid of any possible good result. The farm operations referred to in the case

of *Farmers State Bank v. Chick, supra,* were conducted by Ralph Chick while he was in possession of the entire farm, as he had been for several years. As a practical proposition, *then* the matter differed greatly from that *now* presented. It therefore appears entirely probable that, when Ralph Chick abandoned the farm and stated that his mother's estate had no interest therein, he was estimating the situation correctly, and was not abandoning any asset of his mother's estate or waiving any right which, by any reasonable possibility, could result to the advantage of the estate.

In any event, we are satisfied that, under all the circumstances, the trial court correctly held that respondent and his predecessors in interest were mortgagees in possession; and that appellant, representing the Florence Chick estate, could only participate in the net profits of the farming operations upon paying its share of the obligations with which the property was burdened.

It is a well recognized principle that a mortgagor asking equity must do equity. *Investment Securities Co. v. Adams,* 37 Wash. 211, 79 Pac. 625.

Assuming that, in so far as the Florence Chick estate was concerned, the insurance company, without lawful authority, took possession of the undivided one-third interest in the farm belonging to that estate, still the insurance company and its successors became mortgagees in possession. The administrator of the Florence Chick estate voluntarily gave the mortgagee this possession, and we are satisfied that, in so doing, he was acting in entire good faith, and was, in fact, giving up nothing of value belonging to the estate. In any event, there is no suggestion on the part of anyone that Ralph Chick or anyone else was guilty of any fraud, concealment or overreaching. Appellant

merely contends that Mr. Chick was not aware of the fact that he, as his mother's administrator, was entitled to remain in possession, for some time at least, of an undivided one-third of the farm.

*Sloane v. Lucas,* 37 Wash. 348, 79 Pac. 949, is decidedly in point. In that case, it was held that the successor in interest of a purchaser at a void foreclosure sale, in possession of land with the consent of the mortgagor, was entitled to protection as a mortgagee in possession.

It is undoubtedly the law that one who takes possession of land under a warranty deed from a mortgagee is a mortgagee in possession to the same extent as though he had taken an assignment of a mortgage, 42 C. J. 390, § 2157 (6); and that such a purchaser stands in place of the mortgagee, and can not be dispossessed until the mortgage debt is paid. *Cogswell v. Brown,* 102 Wash. 625, 173 Pac. 623; *Clise v. Burns,* 175 Wash. 133, 26 P. (2d) 627, 29 P. (2d) 1119; *Bryan v. Brasius,* 162 U. S. 415, 16 S. Ct. 803; *Romig v. Gillett,* 187 U. S. 111, 23 S. Ct. 40; *Gillett v. Romig,* 17 Okla. 324, 87 Pac. 325.

The view which we take of the case renders unnecessary any discussion of the authorities submitted by respondent to the effect that, while Ralph Chick, as administrator of his mother's estate, was a proper party to the foreclosure of the insurance mortgage, he, as administrator, was not a necessary party to that action.

Appellant argues that the administrator's delivery of possession was entirely ineffective in regard to the rights of the estate; and that his act, being utterly void, can not be made the basis of any claim on the part of respondent. It is, of course, true that the order of the superior court, sitting in probate, approving the administrator's petition, in which the

farm was referred to, was merely interlocutory and not conclusive. We do not, however, find this argument pertinent to the situation here presented, as we hold that respondent was properly held to be a mortgagee in possession.

Appellant argues that it should be held that the administrator was in possession of an undivided one-third of the farm, and that this possession was that of the superior court for King county, in which court the Florence Chick estate was in course of probate. It appears that the superior court for Lincoln county had appointed a receiver to harvest and account for the 1925 crop. The proceeds of this crop were the subject of litigation in the case of *Farmers State Bank v. Chick, supra,* in which case the right of the estate to a portion of the crop based upon the claim of the administrator against the receiver was sustained.

The undivided interest in the farm which was devised to Ralph Chick under his mother's will was not subject to the same sort of possession on the part of the estate as would be an ordinary asset thereof. Evidently, this interest was burdened with a mortgage indebtedness far in excess of its value. In the record of the estate proceeding which is before us, it nowhere appears that the possessory right upon which appellant now bases his claim was ever inventoried or regarded as an asset of the estate, save in so far as this action may be considered such a claim or as such a right was recognized in the claim of *Farmers State Bank v. Chick, supra.*

We find nothing in the record which would support a holding that appellant may escape the results which ordinarily follow from the taking possession of real estate by a mortgagee under defective foreclosure proceedings.

56

Finding no error in the record, the judgment appealed from is affirmed.

MITCHELL, MAIN, HOLCOMB, and STEINERT, JJ., concur.