[No. 25695.   Department Two.   August 21, 1935.]

JOHN C. INGLE, *Respondent,* v. RALPH F. INGLE *et al.,*
*Appellants.*[1]

*P. F. Leonard* and *Williams & Williams,* for appellants.

*W. C. Losey,* for respondent.

[1]Reported in 48 P. (2d) 576.

BLAKE, J.—This case is here upon the pleadings, findings of fact, conclusions of law and judgment, no statement of facts having been brought up.

From the findings, the following facts appear: On April 8, 1914, the defendant Ralph F. Ingle purchased from Columbian National Life Insurance Company an endowment policy in the sum of ten thousand dollars, on which there was an annual premium of $417.10. Three premiums only were paid. These premiums were paid by plaintiff, John C. Ingle, under an agreement with defendants that they would repay the amount of such premiums, and, in the event of their failure to do so, plaintiff was to have a lien on the policy for the amount of the premiums advanced by him. Defendants not only failed to repay such amounts, but made application for a policy loan of five hundred dollars.

Plaintiff then (January 27, 1917) brought an action against Ralph F. Ingle to recover $1,251.30, the amount of the premiums advanced. Garnishment was had against the life insurance company, with the result that five hundred dollars—the loan value of the policy at that time—was paid over to plaintiff. No further proceedings were had in that action until October, 1934, when it was dismissed without prejudice.

In the meantime, the policy having matured in the sum of $484, plaintiff brought this action to recover that amount from defendants, waiving the balance of the amount of premiums advanced by him. Garnishment was had against the insurance company, which answered that it was indebted to Ralph F. Ingle in that sum. The court further found:

"That plaintiff herein has a valid and subsisting, equitable lien against the moneys due upon said policy, and that plaintiff is entitled to recover judgment for the said sum of $484.00, and is entitled to have an order of this court directing said garnishee defendant

Columbian National Life Insurance Company to pay over to plaintiff said moneys."

From judgment for plaintiff, defendants appeal.

Since the evidence is not before us, we are concerned only with the sufficiency of the findings to support the judgment.

■ It is first contended by appellant that the action is barred by the statute of limitations. Appellant set up the statute of limitations by way of affirmative defense. The court made no finding on the issue so tendered. The rule supported by the weight of authority is that, where the findings of fact are silent upon a material point, it is deemed to be found against the one having the burden of proof. *State ex rel. Siebrase v. Meiser,* 201 Ind. 337, 168 N. E. 185; *Erie R. Co. v. Callahan Co.,* 204 Ind. 580, 184 N. E. 264, 87 A. L. R. 778; *Arizona Commercial Mining Co. v. Iron Cap Copper Co.,* 29 Ariz. 23, 239 Pac. 290; *Robinson v. Marachowsky,* 184 Wis. 600, 200 N. W. 398; 64 C. J. 1236; 26 R. C. L. 1089.

■ The next point raised by appellant is that respondent, having sued out a writ of garnishment, both in this action and that brought in 1917, made an election to sue at law, and thereby waived his equitable lien on the policy. This position has apparent support in the case of *First National Bank v. Neilsen,* 92 Wash. 84, 159 Pac. 113. We fail to see how it is of any avail to appellant in this action. For, omitting the finding of the trial court to the effect that respondent had an equitable lien on the policy, the findings are yet sufficient to sustain a money judgment for $484, and apply the amount sequestered under the writ of garnishment to the satisfaction thereof. In effect, that is the form of the judgment entered. Even though findings of fact are inconsistent, if one or more supports the judgment, it will be upheld. *Howey v. Bing-*

*ham,* 14 Wash. 450, 44 Pac. 886; *Silverstone v. Hanley,* 55 Wash. 458, 104 Pac. 767.

Appellant next challenges respondent's right to maintain the action, on the ground that he was not the owner of the debt at the time the action was commenced. The challenge is presented in a double aspect, which necessitates a further statement of the facts found.

It appears that, in 1929, respondent filed a petition in bankruptcy in the United States district court. He did not list as an asset the debt here sued upon. It was found, however, that he had, in 1926, made a written assignment of the debt to J. R. Cashatt. It was further found that, prior to the commencement of this action, Cashatt made a parol assignment of the debt back to respondent. Appellant contends (1) that, upon the filing of the petition in bankruptcy, the title to the claim vested in the trustee in bankruptcy; (2) that, under Rem. Rev. Stat., § 191 [P. C. § 8272], the assignment of a chose in action cannot be effectuated by parol.

The first contention is untenable, because it is predicated upon the assumption that the assignment from respondent to Cashatt was in fraud of creditors. We find nothing in the findings to warrant such assumption.

The second contention presents a more difficult question, since, at common law, the assignee of a chose in action could not maintain a suit, even though the assignment may have been in writing. 5 C. J. 986. Rem. Rev. Stat., § 191 [P. C. § 8272], provides:

"Any assignee or assignees of any judgment, bond, specialty, book account, or other chose in action, for the payment of money, by assignment in writing, signed by the person authorized to make the same,

may, by virtue of such assignment, sue and maintain an action or actions in his or her name.''

The statute being in derogation of common law, appellant invokes the rule of strict construction. Of course, the reason for the common law rule was to protect the debtor against imposition—against the possibility of being harassed by more than one suit on the claim, or being compelled to pay it more than once. Such a contingency is obviated in the instant case. For it appears from the findings that Cashatt took the witness stand and testified that he gave the claim back to respondent prior to the commencement of the action, and that he then stood ready to make a written assignment of it if any of the parties so desired. Taking this position, Cashatt was as firmly bound by the judgment as though he had been a party to the action. So far as maintaining another action on the claim is concerned, he is in no different situation than he would be had he been the successful plaintiff in this action. *American Bonding Co. v. Loeb*, 47 Wash. 447, 92 Pac. 282; *Wise v. Reed*, 79 Wash. 134, 139 Pac. 753.

So, under these findings, the reason for the common law rule against the bringing of suit by an assignee of a chose in action fails. The reason for the rule being obviated, we see no justification for applying it. Its application under the facts in this case would be highly technical, and would serve no purpose but to compel respondent to commence another action under a written assignment.

Judgment affirmed.

HOLCOMB, MITCHELL, and STEINERT, JJ., concur.