[No. 25681. Department Two. August 31, 1935.]

THE STATE OF WASHINGTON, *on the Relation of A. V. Corbett et al., Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY *et al., Respondents.*[1]

*H. E. Corbett,* for relators.
*Mifflin & Mifflin,* for respondents.

BLAKE, J.—This case is here on certiorari. Relators were defendants in an action to foreclose a mortgage on certain real estate. They answered, setting up claim of homestead in the mortgaged property. The trial court entered a decree foreclosing the mortgage and denying relators' claim of homestead. The record here consists of the complaint, relators' answer and the decree, in which were included certain findings of fact.

The case being of equitable cognizance, no findings of fact were necessary. Every presumption is indulged in support of the decree. When findings

[1] Reported in 48 P. (2d) 617.

are made in such cases, the decree will be upheld, although the findings may be indefinite, uncertain or incomplete, it being presumed that the evidence was sufficient to sustain the decree. *Thompson v. Emerson,* 55 Wash. 138, 104 Pac. 201; *Smith v. Dement Brothers Co.,* 100 Wash. 139, 170 Pac. 555. Even though findings of fact are inconsistent, if one or more supports the decree, it will be upheld. *Howey v. Bingham,* 14 Wash. 450, 44 Pac. 886; *Silverstone v. Hanley,* 55 Wash. 458, 104 Pac. 767.

So, also, in the absence of a statement of facts, pleadings are deemed to be amended to conform to proof. *Messick v. National Council,* 103 Wash. 143, 173 Pac. 940.

In the light of these rules, it is necessary to refer to only one of the court's findings:

"And the court further finds from the evidence herein that the defendants, Corbett, are not asserting said homestead exemption in good faith or entitled thereto and that to allow the same would be to permit of trafficking in homesteads and the court concludes that the homestead asserted by the defendants, Corbett, should be disallowed and denied and that the plaintiffs should be entitled to the immediate possession of said real property upon sale thereof under the foreclosure hereinafter decreed."

Under the rules stated, we are concluded by the finding, since it supports the decree denying relators' claim of homestead. For good faith in asserting the right is essential to sustain a declaration of homestead. *Skinner v. Hunter,* 95 Wash. 607, 164 Pac. 244; *Traverso v. Cerini,* 146 Wash. 273, 263 Pac. 184.

Decree affirmed.

TOLMAN, STEINERT, HOLCOMB, and MITCHELL, JJ., concur.